OPINION
{¶ 1} Defendant-appellant Charles D. Austin ("Austin") brings this appeal from the judgment of the Court of Common Pleas of Allen County finding Austin to be a sexual predator.
 {¶ 2} On October 6, 1992, Austin entered a guilty plea to one count of rape and one count of robbery. The trial court sentenced Austin to a sentence of 8 to 25 years in prison on the rape conviction and 7 to 15 years on the robbery conviction to be served concurrently. On November 12, 2003, the trial court held a sex offender classification hearing pursuant to R.C. 2950.09. Both sides presented evidence. At the conclusion of the hearing, the trial court found Austin to be a sexual predator. It is from this judgment that Austin appeals and raises the following assignment of error.
The trial court improperly determined [Austin] to be a sexualpredator.
 {¶ 3} In support of his claim, Austin argues two points. The first is that the trial court lacked jurisdiction to hold the sex offender classification hearing. Austin makes this argument because the record contains no recommendation from the Ohio Department of Rehabilitation and Correction ("ODRC") that Austin be determined to be a sexual predator.
(C)(1) If a person was convicted of or pleaded guilty to asexually oriented offense that is not a registration-exemptsexually oriented offense prior to January 1, 1997, * * * and if,on or after January 1, 1997, the offender is serving a term ofimprisonment in a state correctional institution, the departmentof rehabilitation and correction shall do whichever of thefollowing is applicable:
 (a) If the sexually oriented offense was an offense describedin [R.C. 2950.01(D)(1)(c)] or was a violent sex offense, thedepartment shall notify the court that sentenced the offender ofthis fact, and the court shall conduct a hearing to determinewhether the offender is a sexual predator.
 (b) If division(C)(1)(a) of this section does not apply, thedepartment shall determine whether to recommend that the offenderbe adjudicated a sexual predator. In making a determination underthis division as to whether to recommend that the offender beadjudicated a sexual predator, the department shall consider allrelevant factors, including, but not limited to, all of thefactors specified in divisions (B)(2) and (3) of this section. Ifthe department determines that it will recommend that theoffender be adjudicated a sexual predator, it immediately shallsend the recommendation to the court that sentenced the offender.If the department determines that it will not recommend that theoffender be adjudicated a sexual predator, it immediately shallsend its determination to the court that sentenced the offender.In all cases, the department shall enter its determination andrecommendation in the offender's institutional record, and thecourt shall proceed in accordance with division (C)(2) of thissection.
 (2)(a) If the department of rehabilitation and correctionsends to a court a notice under division (C)(1)(a) of thissection, the court shall conduct a hearing to determine whetherthe subject offender is a sexual predator. If, pursuant todivision (C)(1)(b) of this section, the department sends to acourt a recommendation that an offender be adjudicated a sexualpredator, the court is not bound by the department'srecommendation, and the court shall conduct a hearing todetermine whether the offender is a sexual predator. In any case,the court shall not make a determination as to whether theoffender is, or is not, a sexual predator without a hearing. Thecourt may hold the hearing and make the determination prior tothe offender's release from imprisonment or at any time withinone year following the offender's release from thatimprisonment.
 (b) If, pursuant to division (C)(1)(b) of this section, thedepartment sends to the court a determination that it is notrecommending that an offender be adjudicated a sexual predator,the court shall not make any determination as to whether theoffender is, or is not, a sexual predator but shall determinewhether the offender previously has been convicted of or pleadedguilty to a sexually oriented offense other than the offense inrelation to which the department made its determination orpreviously has been convicted of or pleaded guilty to achild-victim oriented offense.
R.C. 2950.09(C) (emphasis added).
 {¶ 4} In this case, the state does not argue that R.C.2950.09(C)(1)(a) applies and the offenses for which Austin was convicted do not meet the statutory requirements to be labeled a sexually violent offense.[1] Thus, R.C. 2950.09(C)(1)(b) applies because Austin was convicted and sentenced for a sexual offense in 1992. This court notes that the record contains no recommendation from the ODRC as to whether Austin should be found to be a sexual predator. The sexual predator hearing was the sua sponte decision of the trial court. Austin argues that the trial court lacks the authority to enter a finding of sexual predator absent the recommendation of the ODRC.
 {¶ 5} The State argues that this is permissible. In support of its argument, the State cites various cases. However, all of these cases occurred before the amended statute went into effect on July 31, 2003.[2] The prior statute did not specifically limit the authority of the trial court to find the offender to be a sexual predator. The ODRC was required to make a recommendation, just as it is now, but it was nothing more than a recommendation and had no binding effect on the judgment of the trial court. The current version of the statute prohibits the trial court from finding an offender to be a sexual predator if the ODRC recommends that the offender not be found to be a sexual predator. R.C. 2950.09(C)(2)(b). Thus, the recommendation of the ODRC can have an effect on the outcome of the hearing. Since the record lacks any recommendation from the ODRC, either in favor or against a sexual predator finding, the trial court should not have entered a finding that Austin was a sexual predator.
 {¶ 6} Austin's second argument is that there was a lack of sufficient evidence to find him to be a sexual predator. Since this court has determined that the sexual predator hearing was premature, we need not address the sufficiency of the evidence at the hearing. The assignment of error is sustained.
 {¶ 7} The judgment of the Court of Common Pleas is reversed and the matter is remanded pending a recommendation from the ODRC.
Judgment reversed.
Shaw, P.J., and Cupp, J., concur.
[1] The statute refers to sexual offenses involving homicides or felonious assault as the underlying offenses for the application of R.C. 2950.09(C)(1)(a). See also R.C. 2971.01. In this case, the indictment charged Austin with aggravated burglary, rape, and robbery. Austin eventually entered guilty pleas to the charges of rape and robbery.
[2] Additionally, in State v. Brown (2002),151 Ohio App.3d 36, the trial court received a letter from ODRC stating its recommendation. The appellate court concluded that although the letter did not give any reasons for the recommendation, it was sufficient to permit the trial court to hold the sexual predator hearing and find the offender to be a sexual predator.