OPINION
{¶ 1} Defendant-appellant, HM Health Services ("HM"), appeals from the decision of the Trumbull County Court of Common Pleas, granting partial summary judgment to plaintiff-appellee, Arthur G. Lapping ("Lapping"), ruling, on the basis of this court's previous decision in Lapping v. HMHealth Services, 11th Dist. No. 2000-T-0061, 2001 Ohio App. LEXIS 5634, 2001-Ohio-8723, that Lapping was an intended third-party beneficiary to the contract. For the reasons set forth below, we affirm the decision of the trial court. {¶ 2} Lapping is a licensed osteopathic, family-practice physician with board certification who held medical staff privileges at Warren General Hospital ("Warren General") at the time when Warren General and its affiliates were purchased by HM Health Services ("HM"), a newly formed entity and successor to Humility of Mary. The purchase agreement at issue in this case was signed and executed by the officers of Warren General and HM on January 3, 1996. Prior to the purchase, Humility of Mary operated St. Joseph Riverside. After the purchase, HM owned and operated St. Joseph Health Center ("St. Joseph Center"). The St. Joseph Center campuses are located on the former sites of Warren General and St. Joseph Riverside, respectively.
 {¶ 3} At the time the purchase was being negotiated, HM and Warren General contemplated how to best address the issue of combining the medical staffs of the respective hospitals following the sale of Warren General to HM. To address this issue, the parties agreed to include section 5.10.1 in the purchase agreement. That section, under the heading, "Medical Staff Issues, Representation and Warranty," states in relevant part:
 {¶ 4} "* * * Buyer [HM] represents and warrants that those physicians with medical staff membership at Warren General Hospital who have applied for privileges at St. Joseph Health Center have received the same membership status * * * and the same clinical privileges that they held at Warren General Hospital prior to the Closing."
 {¶ 5} On August 25, 1998, Lapping filed an amended complaint against HM, Humility of Mary, and St. Joseph Riverside, alleging breach of contract, tortious interference with a contract, and tortious interference with business relations. Lapping alleged in his complaint that HM refused to grant him medical staff privileges at St. Joseph Center, constituting a breach of his intended beneficiary rights under the purchase agreement. He further alleged that Humility of Mary and St. Joseph Riverside directly interfered with his rights pursuant to the purchase agreement.
 {¶ 6} Following a three-day jury trial, beginning on April 3, 2000, HM and the other defendants moved for a directed verdict on all of Lapping's claims on the grounds that Lapping failed to produce any evidence on the essential elements of his claims against them. The trial court, on April 5, 2000, granted defendants' motions. The trial court, in support of its ruling, stated that Lapping failed to produce any proof of actual damages as a direct result of the contract, including any proof that he lost any patients as the result of the alleged breach of contract, or that he ever had to hospitalize a patient at St. Joseph Center. The court also agreed with the defendants that Lapping had no legally protected interest as a result of the contract sufficient to support a claim in tort, and that Lapping had no interest in the contract itself, by virtue of either privity or third-party beneficiary status.
 {¶ 7} On April 20, 2000, Lapping filed a notice of appeal before this court, challenging the directed verdict and asserting three assignments of error: 1) The trial court erred to Lapping's prejudice by granting HM's motion for directed verdict as to the breach of contract claim; 2) The trial court erred to Lapping's prejudice by granting Humility of Mary's motion for directed verdict as to his tortious interference with a contract and business relationship claim, and; 3) The trial court erred to Lapping's prejudice by granting HM's motion for directed verdict as to his tortious interference with business relations claim.
 {¶ 8} In its review of the trial court's grant of directed verdict, this court held that Section 5.10.1 of the contract "expressly confer[red] a benefit on those Warren General physicians who applied for medical staff privileges," under the "intent to benefit" test. Lapping,
2001 Ohio 8723, at *10. This court reasoned that "Section 5.10.1 was part of the negotiations between HM and Warren General and * * * [a]s such, Warren General Physicians were intended third party beneficiaries under the purchase agreement." Id. at *10-*11. On the basis of this analysis, this court found the first two assignments of error had merit and the third assignment of error was without merit, by virtue of HM being a newly formed entity that did not exist prior the effective date of the purchase agreement.
 {¶ 9} The message of this court's holding was clear: construing the evidence most strongly in favor of Lapping, as appellant, reasonable minds could come to more than one conclusion as to the evidence presented concerning Lapping's breach of contract claim against HM and his toritous interference with a contract and business relationship claims against Humility of Mary. Therefore, the ultimate disposition of these claims should have properly been kept within the province of the jury.
 {¶ 10} Upon remand to the trial court, Lapping and HM filed offsetting motions for summary judgment with respect to Lapping's breach of contract claim. Lapping's motion addressed the issue of whether he was, in fact, a third party beneficiary of the purchase agreement, based upon the agreement and this court's opinion. HM's motion asked the court to rule that Lapping was not a third-party beneficiary under the contract, contrary to this court's ruling. In the event that the court found in favor of Lapping on the third-party beneficiary issue, HM alternatively asked the trial court to find that Lapping failed to satisfy a valid express or implied condition precedent of timely filing a formal application. The trial court held that on the basis of the doctrine of the "law of the case," it had no choice but to grant partial summary judgment in Lapping's favor on the issue of Lapping's third-party beneficiary status, based upon this court's ruling. The court also found in favor of HM on the issue of the existence of a valid condition precedent, but ruled that there remained a genuine issue of material fact with regard to whether the condition precedent was satisfied.
 {¶ 11} HM timely filed a notice of appeal on the trial court's grant of partial summary judgment in favor of Lapping, setting forth two assignments of error:
 {¶ 12} "[1.] The trial court improperly granted summary judgment to Lapping.
 {¶ 13} "[2.] Assuming, arguendo, that Lapping is a third party beneficiary to the Purchase Agreement, his breach of contract claim still fails as a matter of law as he did not satisfy the express condition precedent of submitting an application for medical staff privileges."
 {¶ 14} HM argues that the trial court erred in granting Lapping's motion for summary judgment on the basis of the "law of the case" doctrine.
 {¶ 15} "Summary judgment is a procedural device to terminate litigation and to avoid a formal trial where there is nothing to try. It must be awarded with caution." Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-9 (citation omitted). Summary judgment is proper when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. See, Harlessv. Willis Day Warehousing Co. (1976), 54 Ohio St.2d 64, 66; Civ.R. 56(C).
 {¶ 16} In reviewing a motion for summary judgment, the court must construe the evidence in the light most favorable to the nonmoving party. Doe v. Shaffer, 90 Ohio St.3d 388, 390, 2000-Ohio-186. Moreover, an appellate court conducts a de novo review of the trial court's decision to grant summary judgment. Id.
 {¶ 17} HM argues that this court's prior opinion is not the law of the case and therefore should not be applied to prevent HM from introducing evidence as to Warren General's intent. They state that applying this court's previous decision as such would lead to the "unjust result" of penalizing them for having prevailed on their motion for directed verdict, by deciding the issue on less than the full quantum of the evidence. HM believes that if their evidence is introduced, it would create a genuine issue of material fact as to whether Warren General intended to bestow third party beneficiary status on Lapping. We disagree.
 {¶ 18} This court has previously stated that, "[p]ursuant to the `law of the case' doctrine, absent extraordinary circumstances, any legal determination made by a superior court in a given case must be followed by an inferior court in any subsequent proceeding held in that particular case." State ex.rel. Lee v. Trumbull Co. Probate Court (Sep. 17, 1999), 11th Dist. No. 97-T-0150, 1999 Ohio App. LEXIS 4326, at *10. "The doctrine * * * will not be applied so as to achieve unjust results."Nolan v. Nolan (1984) 11 Ohio St.3d 1, 3 (citations omitted).
 {¶ 19} HM's argument fails to recognize the primary purposes of rule, which are "to ensure consistency of results in the case, to avoid endless litigation by settling the [legal] issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." Id.
 {¶ 20} HM is attempting to take a second bite of the apple on a legal
issue that has already been settled by this court, i.e., whether Warren General physicians, of which Lapping was a member, who applied for medical staff privileges at St. Joseph Center were intended beneficiaries to the contract. "Where the terms of a contract are clear and unambiguous, its interpretation is a matter of law." Nationwide Mut. FireIns. Co. v. Guman Bros. Farm, 73 Ohio St.3d 107, 108, 1995-Ohio-214. Here, Lapping was determined to be a third party beneficiary based upon the clear and unambiguous terms of the purchase agreement.
 {¶ 21} HM next argues that Lapping's motion should have failed because he relied only on section 5.10.1 of the purchase agreement, instead of relying on section 8.8, in conjunction with Section 7.2.2. Section 8.8, entitled "No Third Party Beneficiaries" states, "Except as otherwise expressly provided herein, nothing herein, expressed or implied, is intended or shall be construed to confer upon or give any person, firm, corporation or legal entity, other than the parties hereto, any rights, remedies or other benefits under or by reason of this Agreement." Section 7.2.2, states, in relevant part, that "* * * For purposes of enforcing the Indemnification obligations of Buyer set forth herein, each Indemnified Individual is intended to be, and shall be, a third party beneficiary of this agreement * * *." HM asserts that, when all of these provisions are taken together, section 8.8 prohibits any other section but 7.2.2 to be read to confer third party beneficiary rights on any party. We disagree.
 {¶ 22} This court, when overruling the trial court's initial grant of directed verdict in favor of HM, held that "Section 8.8 allows for intended third party beneficiaries under the purchase agreement if they are `expressly provided herein.' * * * Under the `intent to benefit' test, section 5.10.1 expressly confers a benefit on those Warren General physicians who applied for medical staff privileges." Lapping,
2001 Ohio App. LEXIS 5634, at *10. While Section 7.2.1 also expressly provides that indemnified individuals shall have rights as third party beneficiaries, we do not find that section 8.8 precludes more than one provision of the contract from expressly conferring third party beneficiary rights on any group. If we found otherwise, it would render section 5.10.1 superfluous.
 {¶ 23} HM also argues that this court's earlier mention of testimony from Dr. J. Patel, chief of staff of St. Joseph Riverside, constituted the admission of parol evidence, which should, in fairness, allow for the admission of testimony from their witnesses, Mr. Dutton and Mr. Keating, as to the Warren General's intent as promisee with respect to section 5.10.1. We disagree. Dr. Patel testified that "Warren General physicians would be `grandfathered,' meaning the same status and privileges that they held at former Warren General would transfer to the new entity, St. Joseph Center." Id. While this testimony tracks the language of section 5.10.1, it adds nothing to the interpretation of the contract itself. This court has held that "a court is without authority to construe the words of a contract when the meaning is unambiguious. Where a term is ambiguous, parol evidence is admissible to interpret, but not contradict, the express language of the contract." Sherock v. Ohio Mun.League Joint Self-Ins. Pool, 11th Dist. No. 2003-T-0022, 2004-Ohio-1515, at ¶ 16 (internal citations omitted). Here, the language of section 5.10.1 was unambiguous. Taken on its face, this court determined that this provision granted Warren General physicians, including Lapping, who submitted applications for medical staff privileges, rights as third party beneficiaries. This finding was the sine qua non of Lapping's ability to survive directed verdict. We, therefore, hold that our finding that Lapping is a third party beneficiary to the contract is the law of the case. HM's first assignment of error is without merit.
 {¶ 24} In their second assignment of error, HM urges that even if Lapping is found to be a third party beneficiary to the Purchase Agreement, his breach of contract claim still fails as a matter of law as he did not satisfy the express condition precedent of submitting an application for medical staff privileges.
 {¶ 25} We note that the trial court granted partial summary judgment in favor of HM on the issue of whether a valid condition precedent existed, to wit, that Lapping must submit an application for staff privileges. This was in line with our finding that "[Lapping], an intended third party beneficiary of the purchase agreement, was prevented from performing the necessary condition precedent of filing a formal application prior to the effective date of the agreement." Lapping,
2001 Ohio App. LEXIS 5634, at *16. Both Lapping and HM, in their briefs before this court, argue the issues of what constitutes a "formal" application and the nature of the credentialing process necessary to satisfy Ohio Law and accreditation requirements for hospitals. HM maintains that these issues prevent Lapping from prevailing on his breach of contract claim as a matter of law. We disagree. As we stated previously, "[i]f reasonable minds could come to more than one conclusion as to the evidence presented, a trial court should permit the issue to go to the jury."Lapping, 2001 Ohio App. LEXIS 5634, at *22-23. Nothing in the record shows that any additional evidence was adduced in the trial court relating to any of the other outstanding issues, including whether Lapping breached the condition precedent by not submitting a formal application or if he was excused from performing it by the actions of HM's employees. With respect to these issues, there remain genuine issues of material fact left for the jury to determine, and it would therefore be improper for this court to consider them.
 {¶ 26} As to the credentialing issue, this court presumes that if a jury were to find that Lapping's claims were meritorious, that he would be subject to the same credentialing process as other former Warren General physicians who had applied for privileges. HM's second assignment of error is therefore without merit.
 {¶ 27} For the foregoing reasons, we affirm the decisions of the Trumbull County Court of Common Pleas granting partial summary judgment declaring Lapping a third party beneficiary to the contract and that there is a valid express condition precedent of submitting an application for medical staff privileges. The issue of whether the conduct of HM's employees excused Lapping's failure to comply with the condition precedent still must be decided in the lower court.
Ford, P.J., Nader, J., Ret., Eleventh Appellate District, sitting by assignment, concur.