DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the August 6, 2004 judgment of the Wood County Court of Common Pleas, which dismissed the sexual predator hearing involving appellee, Eugene Neace. Because we find that the trial court erred in dismissing the proceedings, we reverse the decision of the lower court. Appellant, the state of Ohio, asserts the following sole assignment of error on appeal:
 {¶ 2} "The trial court erred in determining that it lacked jurisdiction to conduct a sex offender classification hearing for an offender who had been convicted of a violent sex offense in 1991 and whom the Ohio Department of Rehabilitation and Corrections included on a February 2004 list sent to the trial court of `offenders recommended for sexual predator designation' despite that `no' was written next to the statement, `may be sex predator' on a 1997 sexual predator screening instrument."
 {¶ 3} In 1991, appellee pled guilty to a charge of rape with a firearm specification, a violation of R.C. 2907.02. The prosecution dismissed the remaining charges against appellee. In 2004, proceedings began pursuant to R.C. 2950 to determine whether appellee should be classified as a sexual predator. Appellee moved to dismiss the hearing on the ground that the court lacked jurisdiction to make this determination because there was no record of a recommendation from the Ohio Department of Rehabilitation and Correction that appellee should be classified as a sexual predator. A screening document compiled by the Ohio Department of Rehabilitation and Correction in 1997 indicated that appellant was not recommended to be classified as a sexual predator.
 {¶ 4} The trial court found that the facts in this case are almost identical to those in State v. Austin, 3d Dist. App. No. 1-03-95, 2004-Ohio-2359. Therefore, on August 6, 2004, the court granted appellant's motion to dismiss. The state then sought an appeal to this court.
 {¶ 5} On appeal, appellant argues that this case is distinguishable from State v. Austin, supra, because appellee was convicted of a violent sex offense and, therefore, R.C. 2950.09(C)(1)(a) was applicable rather than R.C. 2950.09(C)(1)(b).
 {¶ 6} Rape, a violation of R.C. 2907.02, is a violent sex offense. R.C. 2971.01(G) and (L). R.C. 2950.09(C)(1)(a) provides that if a person was convicted of a violent sexual offense prior to 1997, the Ohio Department of Rehabilitation and Correction "shall notify the court that sentenced the offender of this fact, and the court shall conduct a hearing to determine whether the offender is a sexual predator." Only when this section is inapplicable does the Ohio Department of Rehabilitation and Correction proceed under R.C. 2950.09(C)(1)(b) and make a recommendation that the offender be adjudicated a sexual predator.
 {¶ 7} In State v. Austin, supra at ¶ 4, the court held that the trial court lacked jurisdiction to classify Austin, who had been convicted of rape in 1992, as a sexual predator because there was no recommendation by the Ohio Department of Rehabilitation and Correction that such a determination be made. The court's holding was premised upon the fact that the prosecution did not argue that R.C. 2950.09(C)(1)(a) applied. The court also incorrectly stated, in a footnote, that rape is not a violent sexual offense.
 {¶ 8} In the case before us, the trial court was notified by the Ohio Department of Rehabilitation and Correction that appellee should be adjudicated as a sexual predator. While the form of notification in this case did not clearly set forth the fact that appellee had been convicted of a violent sexual offense as it should have, this fact does not deprive the trial court of jurisdiction to determine if appellee was a sexual predator. It is clear from the record that appellee had been convicted of a violent sexual offense. Therefore, the court was required to hold a sexual predator hearing after notification was received from the Ohio Department of Rehabilitation and Correction. We find that the trial court's reliance upon State v. Austin, supra, was misplaced. Appellant's sole assignment of error is well-taken.
 {¶ 9} Having found that the trial court did commit error prejudicial to appellant and that substantial justice has not been done, the judgment of the Wood County Court of Common Pleas is reversed. This case is remanded to the lower court for further proceedings consistent with this decision and judgment entry. Pursuant to App.R. 24, appellee is hereby ordered to pay the court costs incurred on appeal.
Judgment Reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Singer, P.J. Concur.