OPINION
{¶ 1} Appellant, William R. Miller, appeals from a judgment of the Trumbull County Court of Common Pleas, adjudicating him as a sexual predator. For the reasons that follow, we reverse the judgment of the trial court and remand this matter for further proceedings.
 {¶ 2} This matter originates from the Trumbull County Court of Common Pleas, case number 80-CR-639. In 1980, under case number 80-CR-639, appellant was indicted on two counts of rape, in violation of R.C. 2907.02, and two counts of kidnapping, in violation of R.C. 2905.01. Also, during that same year, in a separate unrelated matter, appellant was indicted under case number 80-CR-164 on two counts of rape, one count of kidnapping, and one count of aggravated burglary.
 {¶ 3} In case number 80-CR-639, appellant pleaded guilty to one count of rape and one count of kidnapping. The remaining charges were dismissed. In case number 80-CR-164, appellant pleaded guilty to one count of burglary and the remaining counts of rape and kidnapping were nolled by the trial court.
 {¶ 4} On December 18, 1980, the trial court sentenced appellant in case number 80-CR-639. The court sentenced him to an indefinite prison term of six to twenty-five years on the rape conviction, and an indefinite prison term of five to fifteen-years on the kidnapping conviction, with the sentences running concurrent to each other. In addition, these sentences were to run concurrent to the sentence imposed for appellant's burglary conviction under case number 80-CR-164.
 {¶ 5} Appellant was released from prison in 2003. Apparently, on July 22, 2003, appellant was notified that he was required to report as a sexually oriented offender. The limited record before us fails to establish how the trial court was notified of appellant's release or how the sexual offender classification proceedings were initiated. Specifically, there is no evidence that the Ohio Department of Rehabilitation and Corrections ("ODRC") provided the court with notification of appellant's release.
 {¶ 6} In 2003, the trial court held three separate hearings on October 23, October 30, and November 14. Although each hearing was referred to as a sexual offender classification hearing, there was no evidence or testimony relating to the factors of R.C. 2950.09(B)(3)(a)-(j) presented. Moreover, the transcripts of the hearings establish that the court failed to discuss its findings regarding these factors.
 {¶ 7} During the initial hearing, appellant attempted to introduce evidence of an ODRC report. The state objected to its introduction. Without resolving the evidentiary issue, the trial court continued the matter for a later date.
 {¶ 8} At the second hearing, the parties presented arguments disputing the court's jurisdiction over this matter. Specifically, appellant argued that because the ODRC failed to comply with the recommendation requirement of R.C. 2950.09(C)(1), the court did not have jurisdiction to proceed with a sexual offender classification. Also, the parties again disputed the introduction of the ODRC report. The trial court made no determination as to these issues and continued this matter for a later date.
 {¶ 9} During the final hearing, the parties continued to debate the court's jurisdiction. At the conclusion of the final hearing, the court stated that it would continue this matter and take the parties' arguments under advisement. Absent from the hearings was any discussion, testimony, or formally admitted exhibits in relation to the factors of R.C. 2950.09(B)(3)(a)-(j).
 {¶ 10} Nevertheless, the court issued a March 3, 2004 judgment entry adjudicating appellant as a sexual predator. The court's judgment entry contained its findings with respect to the relevant factors of R.C. 2950.09(B)(3)(a)-(j). In doing so, the trial court considered the two nolled charges of rape, under case number 80-CR-164, as evidence of additional sexual offenses.
 {¶ 11} From this judgment, appellant filed a timely notice of appeal and now sets forth the following two assignments of error:
 {¶ 12} "[1.] The trial court erred in holding that the state can initiate a sexual predator hearing.
 {¶ 13} "[2.] The appellant's classification as a `sexual predator' is against the manifest weight of the evidence."
 {¶ 14} Under his first assignment of error, appellant argues that the trial court erred in holding the state can initiate a sexual offender classification hearing when the ODRC did not recommend that he be classified as a sexual predator pursuant to R.C. 2950.09(C)(1)(b). Specifically, appellant maintains that the ODRC classified him as a sexually oriented offender rather than a sexual predator and, therefore, the trial court had no authority to proceed with a sexual offender classification hearing.
 {¶ 15} The relevant portions of R.C. 2950.09(C) state as follows:
 {¶ 16} "(C)(1) If a person was convicted of or pleaded guilty to a sexually oriented offense that is not a registration-exempt sexually oriented offense prior to January 1, 1997, if the person was not sentenced for the offense on or after January 1, 1997, and if, on or after January 1, 1997, the offender is serving a term of imprisonment in a state correctional institution, the department of rehabilitation and correction shall do whichever of the following is applicable:
 {¶ 17} "(a) If the sexually oriented offense was an offense described in division (D)(1)(c) of section 2950.01 of the Revised Code or was aviolent sex offense, the department shall notify the court that sentenced the offender of this fact, and the court shall conduct a hearing to determine whether the offender is a sexual predator.
 {¶ 18} "(b) If division (C)(1)(a) of this section does not apply, the department shall determine whether to recommend that the offender be adjudicated a sexual predator. * * * If the department determines that it will recommend that the offender be adjudicated a sexual predator, it immediately shall send the recommendation to the court that sentenced the offender. * * *
 {¶ 19} "* * *
 {¶ 20} "(2)(a) If the department of rehabilitation and correction sends to a court a notice under division (C)(1)(a) of this section, the court shall conduct a hearing to determine whether the subject offender is a sexual predator. * * *" (Emphasis added.)
 {¶ 21} The record affirmatively demonstrates that appellant's guilty plea and sentence occurred prior to January 1, 1997. Also, appellant was serving his prison term on and after January 1, 1997.
 {¶ 22} The record is devoid of any recommendation issued by the ODRC. We are simply unable to determine whether the ODRC designated appellant as a sexual predator or sexually oriented offender. However, as will be shown, the absence of the recommendation is irrelevant.
 {¶ 23} Our initial inquiry is whether section R.C. 2950.09(C)(1)(a) or section R.C. 2950.09(C)(1)(b) applies. Rape in violation of R.C. 2907.02
is a violent sex offense. R.C. 2971.01(G) and (L). See, also, State v.Neace, 6th Dist. No. WD-04-060, 2005-Ohio-2353, at ¶ 6. R.C. 2950.09(C)(1)(a) is applied specifically to violent sex offenses. Consequently, R.C. 2950.09(C)(1)(a) is the applicable statutory section.
 {¶ 24} Pursuant to R.C. 2950.09(C)(1)(a), the court is required to conduct a hearing to determine whether the offender is a sexual predator only after it has been notified of the offender's release. Under this statutory section, it is irrelevant whether the record establishes the existence of a recommendation from the ODRC designating appellant as a sexually oriented offender or sexual predator, as rape is a violent sex offense. See, e.g., Neace at ¶ 6.
 {¶ 25} However, the statute clearly requires that the ODRC provide the court with notice of appellant's violent sexual offense prior to initiating the sexual predator hearing. Neither the court nor the prosecutor have the independent authority to initiate the proceedings under the statute. It is clear that the trial court obtains jurisdiction to hold a sexual offender hearing only after the ODRC has provided the court with proper notification. See, e.g., R.C. 2950.09(C)(1)(a); R.C. 2950.09(C)(2)(a).
 {¶ 26} Absent from the instant case is any evidence that the ODRC provided the trial court with proper notification. Apparently, the prosecutor informed the court of appellant's release, and the court proceeded to initiate the sexual offender classification hearing, despite the absence of the ODRC's notification. Thus, the court lacked jurisdiction to conduct the hearing. For these alternative reasons, appellant's first assignment of error is with merit.
 {¶ 27} Even assuming the ODRC afforded the court with proper notice, the subsequent sexual offender classification hearings were inadequate. Under his second assignment of error, appellant argues that the court's sexual predator classification was against the manifest weight of the evidence. To the limited extent indicated, we agree.
 {¶ 28} Assuming the ODRC had provided proper notification per R.C. 2950.09(C)(1)(a), the trial court was required to conduct a sexual offender classification hearing. A hearing is necessary to afford a defendant the opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses. State v. Eppinger, 91 Ohio St.3d 158, 162, 2001-Ohio-247, citing State v. Gowdy (2000), 88 Ohio St.3d 387, 398. In Eppinger, the Ohio Supreme Court set forth three objectives of a model sexual offender classification hearing:
 {¶ 29} "First, it is critical that a record be created for review. Therefore, the prosecutor and defense counsel should identify on the record those portions of the trial transcript, victim impact statements, presentence report, and other pertinent aspects of the defendant's criminal and social history that both relate to the factors set forth in [R.C. 2950.09(B)(3)] and are probative of the issue of whether the offender is likely to engage in the future in one or more sexually oriented offenses. * * * [A] clear and accurate record of what evidence or testimony was considered should be preserved, including any exhibits, for purposes of any potential appeal.
 {¶ 30} "Second, an expert may be required, as discussed above, to assist the trial court in determining whether the offender is likely to engage in the future in one or more sexually oriented offenses. Therefore, either side should be allowed to present expert opinion by testimony or written report to assist the trial court in its determination, especially when there is little information available beyond the conviction itself. * * *
 {¶ 31} "Finally, the trial court should consider the statutory factors listed in [R.C. 2950.09(B)(3)] and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism. * * *" Id. at 166
 {¶ 32} Here, the three hearings conducted by the trial court failed to meet any of the above objectives. Accordingly, we are precluded from providing an adequate appellate review.
 {¶ 33} The transcripts of the hearings establish that there were no discussions or testimony relating to the factors of R.C. 2950.09(B)(3). And although there was a dispute as to the admissibility of ODRC records, the record fails to demonstrate whether the exhibits were formally admitted by the trial court or whether the court considered the records.[1]
 {¶ 34} The trial court's failure to hold an adequate hearing also precluded appellant from presenting witness testimony or expert-witness testimony. The sole focus of each hearing was the parties' dispute regarding whether the court had jurisdiction and whether the ODRC exhibits were admissible. At the conclusion of all three hearings, the court continued the matter without affording appellant the opportunity to present witness testimony or expert-witness testimony.
 {¶ 35} Finally, the hearing transcripts show the court failed to discuss the evidence and factors which formed the basis of its decision. The court's failure in this respect is exacerbated by its apparent reliance upon evidence of additional rapes that were not supported by the record. Specifically, the court's judgment entry references the two rapes associated with the indictment charges of case number 80-CR-164. However, the record establishes that appellant was not convicted of these additional sexual offenses as they were dismissed following his guilty plea to burglary. Absent is any evidence of an admission by appellant that he committed these rapes. Without an admission, including prior nolled sexual offenses in this determination would be inappropriate.
 {¶ 36} In any event, the court's failure to conduct an adequate hearing in accord with the objectives stated in Eppinger would preclude an adequate appellate review. See, e.g., State v. Longnecker, 4th Dist. No. 01CA2, 2002-Ohio-3139. Without a clear and accurate record of the evidence and testimony which forms the basis of the trial court's sexual predator classification, we are unable to determine whether the court's determination is supported by clear and convincing evidence. Thus, even assuming the court had jurisdiction to proceed with the sexual offender classification hearing, the hearing itself was inadequate, thereby requiring a reversal and remand.
 {¶ 37} Based upon the foregoing analysis, appellant's first assignment of error is with merit. Because the court lacked jurisdiction to conduct a sexual offender classification hearing, the subsequent proceedings and adjudication have been rendered void. Thus, appellant's second assignment of error is moot. We, hereby, reverse the judgment of the trial court and remand this matter for the court to conduct a proper sexual offender classification hearing after the ODRC has provided proper notice in accord with our opinion.
O'Neill, J., concurs, Rice, J., concurs in judgment only with Concurring Opinion.
[1] The trial court's judgment entry references the state's introduction of ODRC records; however, we are unable to determine whether the court admitted or considered the exhibits.