OPINION
{¶ } Appellant, William R. Miller, appeals from the April 28, 2006 judgment entry of the Trumbull County Court of Common Pleas. For the following limited reasons, we reverse.
 {¶ 2} Substantive and Procedural Facts
 {¶ 3} In 1980, appellant ("Mr. Miller") was indicted on two counts of rape and two counts of kidnapping in Trumbull County Court of Common Pleas Case Number 80 *Page 2 
CR 639. That same year, in a separate case, he was indicted on two counts of rape, one count of kidnapping, and one count of aggravated burglary in Trumbull County Court of Common Pleas Case Number 80 CR 184. In the first case, Mr. Miller pled guilty to one count of rape and one count of kidnapping. In the second case, Mr. Miller pled guilty to one count of burglary. The court nolled the remaining counts in both cases.
 {¶ 4} On December 18, 1980, Mr. Miller was sentenced to concurrent indefinite terms of six to twenty-five years for the counts of rape and kidnapping. These sentences were to run concurrent with his sentence of burglary in the second case.
 {¶ 5} Mr. Miller was released from prison on July 28, 2003. Pursuant to R.C. 2950.09(C)(1), sexual predator classification proceedings against Mr. Miller were initiated. State v. Miller, 11th Dist. Nos. 2004-T-0019 and 2004-T-0020, 2005-Ohio-4780, ¶ 5 ("Miller 1"). Hearings were conducted on October 23, October 30, and November 14, 2003. Id. at ¶ 6. The court issued its judgment entry in the beginning of March 2004, adjudicating Mr. Miller as a sexual predator. Mr. Miller filed a timely appeal of this adjudication on March 12, 2004.
 {¶ 6} On September 9, 2005, this court issued its opinion inMiller 1, where we determined that pursuant to R.C. 2950.09(C)(1)(a), notification to the sentencing court by the Ohio Department of Rehabilitation and Correction ("ODRC") of the release of an offender, who pleaded guilty to or was convicted of a violent sex offense (including rape) prior to January 1, 1997, was a jurisdictional prerequisite to that court holding a sexual predator hearing as mandated by R.C. 2950.09(C)(1)(a) and (C)(2)(a). Miller 1 at ¶ 23-26. Since the record was devoid of any indication that the ODRC had notified *Page 3 
the trial court of Mr. Miller's release we held that the trial court lacked the jurisdiction to hold the sexual predator hearings, and further, that the hearings that were actually conducted were inadequate. Id. at ¶ 26, 27, 32-36. Accordingly, we reversed and remanded for "the [trial] court to conduct a proper sexual offender classification hearing after the ODRC has provided proper notice in accord with our opinion." Id. at ¶ 37.
 {¶ 7} The trial court held another sexual predator classification hearing on March 2, 2006, after receiving notification from the ODRC. The court adjudicated Mr. Miller to be a sexual predator in a judgment entry filed April 28, 2006.
 {¶ 8} Mr. Miller now timely appeals and raises four assignments of error:
 {¶ 9} "[1.] The trial court erred in holding that the state can initiate a sexual predator hearing.
 {¶ 10} "[2.] The trial court erred because the sexual hearing was not conducted within one year after appellant's release from incarceration as required by R.C. 2950.09.
 {¶ 11} "[3.] The trial court erred in determining that appellant was a sexual predator because the crime of burglary is not a sexually oriented offense as required by R.C. 2950.01 [.]
 {¶ 12} "[4.] The trial court's adjudication of appellant as a sexual predator is against the manifest weight of the evidence."
 {¶ 13} Timeliness of the Sexual Predator Classification Hearing
 {¶ 14} We begin our analysis with the second assignment of error, deeming it dispositive of this appeal.
 {¶ 15} Pursuant to R.C. 2950.09(C)(2)(a), the sentencing court is required to conduct a sexual predator classification hearing for persons who pled guilty to or were *Page 4 
convicted of sexually oriented offenses prior to January 1, 1997. R.C.2950.09(C)(2)(a) further provides: "[t]he court may hold the hearing andmake the determination prior to the offender's release from imprisonment or at any time within one year following the offender's release fromthat imprisonment." (Emphasis added.)
 {¶ 16} When construing a statute, courts must look to the plain language used by the legislature. State v. Lowe, 112 Ohio St.3d 507,2007-Ohio-606, ¶ 9. If the language is plain and unambiguous, courts must apply the statute as written. Id. at ¶ 15. A plain reading of R.C.2950.09(C)(2)(a) reveals that the trial court classifying a pre-1997 offender as a sexual predator must both hold the requisite hearing, and make its determination of the offender's status, within one year of the offender's release from prison. This, however, did not occur in Mr. Miller's case.
 {¶ 17} Mr. Miller was released from prison on July 28, 2003. Applying the normal rules for determination of time limits as required by law, the one year period for both holding Mr. Miller's sexual predator classification hearing, and determining his status as such, commenced the following day, July 29, 2003. Even if we deem the one year period tolled when Mr. Miller filed his first notice of appeal on March 12, 2004,[1] the sexual predator hearing was not held within the required time limits. Two hundred and seventeen days had elapsed from his release from prison when his first notice of appeal was filed. Further assuming the original appeal tolled the one year time limit, the filing of our judgment entry in Miller 1 on September 12, 2005, would have caused the one year period to commence running September 13, 2005. The trial court held the hearing *Page 5 
resulting in this appeal on March 2, 2006 — three hundred and eighty-seven days following Mr. Miller's release from prison. The court filed its judgment entry classifying Mr. Miller as a sexual predator on April 28, 2006, four hundred and forty-four days following his release.
 {¶ 18} Thus, we must find that the trial court did not hold the sexual predator classification hearing, nor make its determination of Mr. Miller's status as a sexual predator within the proscribed time limits of R.C. 2950.09(C)(2)(a). This is so because we are bound by the law of the case in Miller 1.
 {¶ 19} "The `law of the case' doctrine was described by the Supreme Court of Ohio in Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3-4. The doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. * * * Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law. * * * Moreover, the trial court is without authority to extend or vary the mandate given.'" Weller v. Weller, 11th Dist. No. 2004-G-2599, 2005-Ohio-6892, ¶ 14-15. (Citations omitted.) Thus, "absent extraordinary circumstances, legal determinations made by this court must be followed by inferior courts in subsequent proceedings of that particular case." Id. at 16, citing Lapping v. H M Health Services, 11th Dist. No. 2004-T-0011,2005-Ohio-699, ¶ 18. Although we disagree with the rationale espoused inMiller 1, we are bound to follow our previous determination. *Page 6 
 {¶ 20} In Miller 1, we held "the trial court obtains jurisdiction to hold sexual offender hearing only after the ODRC has provided the court with proper notification." Id. at ¶ 25. See, e.g., R.C.2950.09(C)(1)(a); R.C. 2950.09(C)(2)(a). Thus, in the case of Mr. Miller, we must reverse his classification as a sexual predator because we determined the court conducted the first sexual predator hearing without the jurisdiction to do so since the ODRC failed to provide the court with a recommendation.
 {¶ 21} In Miller 1, we found the notification from the ODRC to be the grant of jurisdiction that allows the court to proceed with a sexual predator hearing. However, since Miller 1, better arguments have been made that persuade us to believe our interpretation of R.C.2950.09(C)(1) was unduly narrow. The passage of time and the rationale applied by other districts has convinced us that the better interpretation was expressed in the concurrence of Miller 1, where the Honorable Judge Rice had the foresight to state: "[I]t is apparent that R.C. 2950.09(C)(1) does not address the trial court's jurisdiction. Rather, the provisions simply act as procedural instruments by which the trial court receives a sexual predator case. `In matters of jurisdiction, the General Assembly intended that R.C. 2950.01(G) control.' Accordingly, the notification of the ODRC is merely advisory and not a mandatory jurisdictional prerequisite." Id. at ¶ 48, citingState v. Clark (Mar. 29, 1999), 12th Dist. No. CA98-11-103, 1999 Ohio App. LEXIS 1371, 9. See, also, State v. Schoolcraft (Apr. 24, 2002), 9th Dist. No. 01CA007892, 2002 Ohio App. LEXIS 1925.
 {¶ 22} The Seventh District Court of Appeals concisely explained the rationale for this interpretation in State v. Brown,151 Ohio App. 3d 36, 2002-Ohio-5207: "Simply stated, R.C. 2950.09(C)(1) is mandatory rather than directory, and, thus, not *Page 7 
jurisdictional in nature, because `the legislature did not indicate that the department's recommendation was `essential to the validity of the * * * proceeding.''" Id. at ¶ 13, citing Clark at 11. "Because the department's recommendation is merely a reasonable mechanism of triggering the sexual predator proceeding, `the department's recommendation does not provide procedural protection to the offender.'" Id. "The offender is instead given the requisite procedural protections by the trial court" as notice of the hearing is required pursuant to R.C. 2950.09(C)(2), and further, at the hearing the offender is entitled to be appointed counsel and to present and cross-examine witnesses. Id. at ¶ 14.
 {¶ 23} Whether the recommendation of the ODRC for a violent sex crime, such as rape, was meant to be merely a procedural mechanism of notification to the trial court to conduct a sexual predator hearing is further bolstered by the current version of R.C. 2950.09(C)(1)(a), which now reads:
 {¶ 24} "If the sexually oriented offense * * * was a violent sex offense, the department shall notify the court that sentenced the offender of this fact, and the court shall conduct a hearing to determine whether the offender is a sexual offender." (Emphasis added.)
 {¶ 25} Thus, the General Assembly has since clarified that for a violent sex offender, the department's recommendation serves merely as a notice. See, also, State v. Shields, 8th Dist. No. 85998,2006-Ohio-1536, interpreting R.C. 2950.09(C)(1)(a) where the appellant lacked a recommendation of the ORDC in his case file: "[T]he crime perpetrated upon the victim was clearly a violent sex offense, subjecting the appellant to *Page 8 
a mandatory sexual predator hearing, with or without a recommendation from the Department of Rehabilitation and Correction." Id. at ¶ 46.
 {¶ 26} We reverse for the limited purpose of the instant case since we previously determined in Miller 1 the court was without jurisdiction to hold the first sexual predator hearing. In hindsight, we cannot agree with the rationale espoused in Miller 1, and we would overrule that decision today, and interpret the version of R.C. 2950.09(C)(1)(a) at issue in Miller 1 as merely a mechanism that provides notice to the court to hold a sexual predator hearing.
 {¶ 27} For the following reasons, Mr. Miller's second assignment of error has merit.
 {¶ 28} We reverse the judgment of the Trumbull County Court of Common Pleas.
JUDITH A. CHRISTLEY, J., Ret., Eleventh Appellate District, sitting by assignment, concurs.
COLLEEN MARY OTOOLE, J., concurs in judgment only with Concurring Opinion.
[1] We do not believe the hearings or determination of sex predator status subject of appeal in Miller 1 tolled the one year period set forth in R.C. 2950.09(C)(2)(a), because we held that the trial court lacked jurisdiction to conduct those proceedings, thus, we are bound by our previous holding in this case.