[Cite as *State v. Kimble*, 2016-Ohio-981.]

STATE OF OHIO          )                  IN THE COURT OF APPEALS
                             )ss:              NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN     )

STATE OF OHIO                        C.A. No.       13CA010412

     Appellee

     v.                                       APPEAL FROM JUDGMENT
                                     ENTERED IN THE
DAVID R. KIMBLE                 COURT OF COMMON PLEAS
                                     COUNTY OF LORAIN, OHIO
     Appellant                   CASE No.     92CR042467

DECISION AND JOURNAL ENTRY

Dated: March 14, 2016

WHITMORE, Presiding Judge.

{¶1} Appellant, David R. Kimble, appeals from the judgment of the Lorain County Court of Common Pleas classifying him as a sexual predator. This Court affirms.

I

{¶2} In 1993, Mr. Kimble pled guilty to eleven counts of rape, two counts of attempted felonious penetration, and two counts of gross sexual imposition. The offenses occurred over approximately a two-year time period, and the victims were his stepdaughters who ranged from age six to fifteen. Following preparation of a pre-sentence investigation report ("PSI"), Mr. Kimble was sentenced to ten to twenty-five years in prison.

{¶3} In 1997, the Ohio Department of Rehabilitation and Correction ("ODRC") wrote a letter to the Lorain County Common Pleas Court stating that Mr. Kimble had been "screened per

H.B. 180."[1]  Based on that screening, ODRC recommended that Mr. Kimble be adjudicated a sexual predator.  ODRC further requested that the court inform it of its decision pursuant to former R.C. 2950.09(C).

{¶4}  In 2013, the matter was set for a sex offender classification hearing.  After the hearing was scheduled, the State filed a brief arguing that Mr. Kimble should be classified as a sexual predator based on the factors contained in former R.C. 2950.09(B)(3).  At the start of the hearing, the State indicated its belief that the hearing "was set automatically because the defendant may be released sometime shortly."[2]  The trial judge stated simply that he "was requested to schedule a classification hearing."  He further stated that he had read the State's brief and confirmed that Mr. Kimble's counsel had also read the brief.

{¶5}  Mr. Kimble's counsel argued that former R.C. 2950.09(C)(1)(b) required that ODRC recommend whether an offender should be classified as a sexual predator and send that recommendation to the court.  He continued that there was "some sort of a letter sent to the [c]ourt back in 1997, after Megan's Law was passed, indicating that they wished Mr. Kimble to be designated, or that the hearing be held."  He argued that the court could not proceed with the hearing until it received a new notice from the ODRC because the one from 1997 was "a bit

---

[1] 1996 Am.Sub.H.B. No. 180, Ohio's version of Megan's Law, had an effective date of January 1, 1997.  It required, inter alia, that ODRC recommend whether certain sexually oriented offenders should be adjudicated sexual predators.  *See* former R.C. 2950.09(C)(1).  Megan's Law was amended a number of times, and eventually replaced by the Adam Walsh Act, 2007 Am.Sub.S.B. No. 10.  Because Kimble's offenses occurred prior to January 1, 2008, he is subject to Megan's Law and not the Adam Walsh Act.  *See State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, syllabus.

[2] 2000 Am.Sub.H.B. No. 502 added the following language regarding the timing of the classification hearing: "The court may hold the hearing and make the determination prior to the offender's release from imprisonment or at any time within one year following the offender's release from that imprisonment."  Former R.C. 2950.09(C)(2)(a).

stale." The court noted that it had "received a notice to hold the classification hearing" and would proceed with the hearing.

{¶6} The parties stipulated to, and the trial court admitted, the following exhibits: (1) Mr. Kimble's signed plea sheet, (2) the sentencing entry, (3) Elyria Police Department records, (4) Lorain County Children Services records, and (5) information from ODRC, which included the 1997 letter and screening. During the classification hearing, the parties also referenced the PSI.

{¶7} The State argued that Mr. Kimble should be classified as a sexual predator based on the statutory factors as outlined in its brief. The State also had two of the victims and their natural father address the court. Mr. Kimble did not present any witnesses, nor did he directly contradict any of the factors as outlined by the State. Mr. Kimble's counsel argued that "if the issue is, is he likely to reoffend, * * * there's a lot of questions as to whether he offended in the first place."

{¶8} Following both sides' presentations, the trial judge noted that Mr. Kimble had pled guilty to eleven counts of rape and the issue before the court was "to consider * * * those factors that would indicate a likelihood of reoffending." The court continued that the "most significant factor" was that "Mr. Kimble did not accept responsibility at the time of the plea and hasn't since he's been incarcerated." The court concluded that it did "find that the factors are there" and classified Mr. Kimble as a sexual predator.

{¶9} Mr. Kimble appeals raising two assignments of error for our review.

<u>Assignment of Error Number One</u>

ODRC'S FAILURE TO NOTIFY THE TRIAL COURT DEPRIVED THE COURT OF JURISDICTION TO HOLD A SEXUAL PREDATOR CLASSIFICATION HEARING.

{¶10} In his first assignment of error, Mr. Kimble argues that the trial court lacked jurisdiction to classify him as a sexual predator because it had not received a notice from ODRC to hold the hearing. We disagree.

{¶11} Preliminarily, we note that Mr. Kimble's argument on appeal is somewhat different than the argument he presented to the trial court. At the trial court level, he argued that there was not a recommendation from ODRC under former R.C. 2950.09(C)(1)(b) because the 1997 letter was "stale." On appeal, he argues that the trial court lacked jurisdiction because it had not received a notice under former R.C. 2950.09(C)(1)(a) stating that he had been convicted of or pled guilty to a violent sex offense. He also argues that a recommendation is necessary because it can affect the outcome of the hearing. Ordinarily, arguments that were not made to the trial court cannot be raised for the first time on appeal. However, because Mr. Kimble is challenging the trial court's jurisdiction, we will address his arguments.

{¶12} This Court has previously found that a recommendation from ODRC is not a jurisdictional prerequisite for holding a hearing to determine whether an offender is a sexual predator. *State v. Schoolcraft*, 9th Dist. Lorain No. 01CA007892, 2002 WL 701934, *5-6 (Apr. 24, 2002); *State v. Shepherd*, 9th Dist. Summit No. 20364, 2002 WL 185181, *2-4 (Feb. 6, 2002). Mr. Kimble attempts to distinguish our prior cases by noting that they predate an amendment to former R.C. 2950.09 that added division (C)(1)(a), requiring ODRC to notify the court if an offender was convicted of or pled guilty to a violent sex offense.

{¶13} Following passage of 2003 Am.Sub.S.B. No. 5, the relevant portion of the statute provided:

> (C)(1) If a person was convicted of or pleaded guilty to a sexually oriented offense that is not a registration-exempt sexually oriented offense prior to January 1, 1997, if the person was not sentenced for the offense on or after January 1, 1997, and if, on or after January 1, 1997, the offender is serving a term of

imprisonment in a state correctional institution, the department of rehabilitation and correction shall do whichever of the following is applicable:

(a) If the sexually oriented offense was an offense described in division (D)(1)(c) of section 2950.01 of the Revised Code or was a violent sex offense, the department shall notify the court that sentenced the offender of this fact, and the court shall conduct a hearing to determine whether the offender is a sexual predator.

(b) If division (C)(1)(a) of this section does not apply, the department shall determine whether to recommend that the offender be adjudicated a sexual predator.  In making a determination under this division as to whether to recommend that the offender be adjudicated a sexual predator, the department shall consider all relevant factors, including, but not limited to, all of the factors specified in divisions (B)(2) and (3) of this section.  If the department determines that it will recommend that the offender be adjudicated a sexual predator, it immediately shall send the recommendation to the court that sentenced the offender.  If the department determines that it will not recommend that the offender be adjudicated a sexual predator, it immediately shall send its determination to the court that sentenced the offender.  In all cases, the department shall enter its determination and recommendation in the offender's institutional record, and the court shall proceed in accordance with division (C)(2) of this section.

(2)(a) If the department of rehabilitation and correction sends to the court a notice under division (C)(1)(a) of this section, the court shall conduct a hearing to determine whether the subject offender is a sexual predator.  If pursuant to division (C)(1)(b) of this section, the department sends to the court a recommendation that an offender be adjudicated a sexual predator, the court is not bound by the department's recommendation, and the court shall conduct a hearing to determine whether the offender is a sexual predator.  In any case, the court shall not make a determination as to whether the offender is, or is not, a sexual predator without a hearing.  The court may hold the hearing and make the determination prior to the offender's release from imprisonment or at any time within one year following the offender's release from that imprisonment.

Former R.C. 2950.09.

{¶14} Mr. Kimble has not explained how the addition of division (C)(1)(a) changes the analysis or result reached in our earlier cases.  The statute still "does not contain any provisions stating that a trial court must receive an ODRC recommendation [or notice] before a sexual predator hearing can be held and a classification determined." *Schoolcraft* at *6.

{¶15} Moreover, the record reflects and Mr. Kimble's trial counsel acknowledged, "there was some sort of a letter sent to the [c]ourt back in 1997, after Megan's Law was passed, indicating that [ODRC] wished Mr. Kimble to be designated, or that the hearing be held." Mr. Kimble has not argued on appeal, as he did below, that the 1997 notice was "stale."

{¶16} While the 1997 notice did not explicitly state that Mr. Kimble was convicted of or pled guilty to a violent sex offense, it included a screening instrument that identified his offenses. In addition, Mr. Kimble's plea sheet and sentencing entry state that he pled guilty to, inter alia, eleven counts of rape in violation of R.C. 2907.02. Rape is a violent sex offense. *See* R.C. 2971.01(L). A trial court does not lack jurisdiction to determine whether an offender is a sexual predator where the record is clear that the offender was convicted of a violent sex offense, even if that fact is not clearly specified in a notice from ODRC. *State v. Neace*, 6th Dist. Wood No. WD-04-060, 2005-Ohio-2353, ¶ 8. In the present case, it is undisputed that Mr. Kimble pled guilty to multiple counts of rape, which is a violent sex offense. ODRC also recommended that Mr. Kimble be classified as a sexual predator.

{¶17} Mr. Kimble's first assignment of error is overruled.

## Assignment of Error Number Two

THE TRIAL COURT FAILED TO ABIDE BY THE STANDARDS SET FORTH IN [*STATE V.*] *EPPINGER* [, 91 Ohio St.3d 158 (2001)] DURING THE SEXUAL PREDATOR CLASSIFICATION HEARING.

{¶18} In his second assignment of error, Mr. Kimble argues that the trial court erred in relying on his failure to accept responsibility for his actions as the "most significant factor" when classifying him as a sexual predator. More particularly, he argues that whether he accepted responsibility (1) is not a factor for consideration under the statute and (2) is not reflected in the record. We disagree.

{¶19} *State v. Eppinger* identified the following objectives for a model sexual offender classification hearing: (1) creation of a record for review; (2) provision of expert testimony if it would assist the trial court in determining the offender's likelihood of reoffending; and (3) consideration of the statutory factors listed in former R.C. 2950.09(B)(2), which was subsequently renumbered to R.C. 2950.09(B)(3).[3] 91 Ohio St.3d 158, 166. According to Mr. Kimble, the court failed to "satisfy the third objective under *Eppinger*."

{¶20} Former R.C. 2950.09(B)(3) provides that, when determining whether an offender is a sexual predator, "the judge shall consider all relevant factors, including, but not limited to, all of the following:" the age of the offender and the victims, whether there were multiple victims, the offender's prior criminal history, whether drugs or alcohol were used to impair the victim, whether the offender participated in available programs for sexual offenders, any mental illness or disability of the offender, the nature of the sexual contact and whether there was a demonstrated pattern of abuse, whether the offender displayed or threatened cruelty, and any additional behavioral characteristics contributing to the conduct.

{¶21} The Ohio Supreme Court has noted that the statute presents a nonexhaustive list of factors to be considered. *State v. Thompson*, 92 Ohio St.3d 584, 588 (2001). A court is not limited to those factors, but may consider other evidence that it "deems relevant to determining the likelihood of recidivism" even if it is not specifically enumerated in the statute. *Id.* Thus, in determining the likelihood of Mr. Kimble reoffending, the trial judge was permitted to consider whether he had taken responsibility for his actions.

{¶22} Next, Mr. Kimble contends that there was "no evidence presented that [he] did not accept responsibility at the time of his plea or during his incarceration." The trial court had

---

[3] *See* 2001 Am.Sub.S.B. No. 3.

police department records, ODRC records, and the PSI report. The State referenced and quoted from these items in its brief to the trial court and at the hearing. Mr. Kimble's counsel noted that the PSI reflected that he pled guilty to avoid a life sentence, argued that the manner in which the children were interviewed in the 1990s was improper, and attempted to call into question the underlying convictions. Thus, the trial court did have before it evidence regarding whether Mr. Kimble had taken responsibility for his actions.

{¶23} Mr. Kimble's argument also implies that the trial court placed too much weight on this one factor. A trial court judge is only required to consider the guidelines provided by the statutory factors. The judge retains discretion to decide what weight, if any, he will assign to each factor. *Thompson* at paragraph one of the syllabus.

{¶24} The State's brief to the trial court analyzed each of the statutory factors and the State discussed those factors at the hearing. While the judge did not explicitly reiterate all the factors, he indicated that he was "consider[ing] * * * those factors that would indicate a likelihood of reoffending." He then mentioned that the victims were not strangers and that "Mr. Kimble did not accept responsibility at the time of the plea and hasn't since he's been incarcerated." He concluded, "the factors are there and that Mr. Kimble is, in fact, a sexual predator." The court's reference to factors in the plural supports that it considered the factors presented at the hearing and in the State's brief.

{¶25} Finally, Mr. Kimble notes that the trial court did not identify any of the factors in its journal entry. This Court has previously noted that "in making the determination whether a defendant is sexual predator, all relevant factors including those listed in [former] R.C. 2950.09(B)(3) are to be considered, [but] the court is not required to mention the factors in its

decision." *State v. Ford*, 9th Dist. Summit No. 21064, 2002-Ohio-7316, ¶ 23, citing *State v. Hoagland*, 9th Dist. Summit No. 20262, 2001 WL 358392, *3 (Apr. 11, 2001).

{¶26} Mr. Kimble's second assignment of error is overruled.

III

{¶27} Mr. Kimble's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

MOORE, J.
SCHAFER, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

BRIAN J. DARLING, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.