[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 107.]

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, APPELLEE, *v*. GUMAN
BROTHERS FARM ET AL; MERCER ET AL., APPELLANTS.

[Cite as *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm*, 1995-Ohio-214.]

*Insurance—Liability coverage—Exclusion of farm employees—Student who works
part of the school day on a farm in Occupational Work Experience program
through his school qualifies as an "employee" while at work.*

(No. 94-1113—Submitted June 6, 1995—Decided August 16, 1995.)

APPEAL from the Court of Appeals for Ashtabula County No. 93-A-1787.

———————————

{¶ 1} The defendant-appellee, seventeen-year-old Donald Mercer ("Donald") was seriously injured while working in a silo on the Guman Brothers Farm. Donald's father, Charles Mercer ("Mercer"), filed suit on behalf of himself and as next friend, against Guman Brothers Farm, Nathan Guman and Gregory Guman ("the farm"), claiming their negligence caused Donald's injuries. At the time of the accident, the farm had liability insurance with Nationwide Mutual Fire Insurance Company ("Nationwide"). Nationwide filed a complaint seeking a declaratory judgment that its policy with the farm excluded coverage for claims for Donald's injuries, based on his status as a farm "employee." Mercer took the position in the declaratory-judgment action that because his son's work on the farm was part of an Occupational Work Experience ("OWE") program through his high school, that he was a student and not an "employee."[1]

{¶ 2} After the injury, Donald applied for and received workers' compensation payments, although the farm's workers' compensation coverage had

———————————

1 Although the farm participated at the trial court level, it did not submit a brief or participate in oral argument at either the court of appeals level or in this court.

presumably lapsed by reason of nonpayment of premium. Because it was a noncomplying employer, the farm was not entitled to the immunity accorded to complying employers by R.C. 4123.74; thus, the insurance coverage through Nationwide was a potential source of recovery for Donald's injuries.

{¶ 3} The trial court declared Nationwide contractually obligated to defend the farm and pay any judgment rendered against it on behalf of Mercer. The court determined that Donald's participation in the OWE program rendered him a student, and, therefore, precluded him from qualifying as an "employee" for purposes of Nationwide's policy exclusion.

{¶ 4} The court of appeals reviewed the decision *de novo* as an issue of law, and reversed the trial court, holding that while Donald had a dual status as both a student and an employee, his student status was incidental to his primary function as that of an employee on the farm. Accordingly, Nationwide had no duty to indemnify or defend the farm.

{¶ 5} The cause is now before this court pursuant to an allowance of a discretionary appeal.

––––––––––––––––––

*Baker, Hackenberg & Collins Co., L.P.A.*, *I. James Hackenberg* and *Richard A. Hennig*, for appellee.

*Sindell, Lowe & Guidubaldi*, *Mark L. Wakefield* and *Daniel M. Sucher*, for appellants.

––––––––––––––––––

**COOK, J.**

{¶ 6} This case presents two issues. We first determine that the court of appeals properly reviewed the trial court decision *de novo* because the interpretation of a clear and unambiguous insurance contract is a matter of law. Second, we conclude that a student who works part of the school day in an OWE program nevertheless qualifies as an "employee" while at work.

I

**{¶ 7}** In his first proposition of law, Mercer argues that the judgment of the trial court was a factual determination rather than a legal interpretation, and that the appellate court's *de novo* review was therefore erroneous. Mercer contends that because the insurance contract failed to define "employee," the term is ambiguous and this ambiguity makes the interpretation one of fact rather than law.

**{¶ 8}** The mere absence of a definition in an insurance contract does not make the meaning of the term ambiguous. "If a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined." *Inland Refuse Transfer Co. v. Browning-Ferris Industries of Ohio, Inc.* (1984), 15 Ohio St.3d 321, 322, 15 OBR 448, 449, 474 N.E.2d 271, 272. A court must give undefined words used in an insurance contract their plain and ordinary meaning. *Miller v. Marrocco* (1986), 28 Ohio St.3d 438, 439, 28 OBR 489, 491, 504 N.E.2d 67, 69. Here, the term "employee" is not defined, but does have a plain and ordinary meaning. It is, therefore, unnecessary and impermissible for a court to resort to construction of that language. *Karabin v. State Auto. Mut. Ins. Co.* (1984), 10 Ohio St.3d 163, 166-167, 10 OBR 497, 499, 462 N.E.2d 403, 406. Thus, the interpretation of this insurance contract is a matter of law. Unlike determinations of fact which are given great deference, questions of law are reviewed by a court de novo. *Ohio Bell Tel. Co. v. Pub. Util. Comm.* (1992), 64 Ohio St.3d 145, 147, 593 N.E.2d 286, 287. We conclude that the court of appeals properly applied a de novo standard of review.

II

**{¶ 9}** In his second proposition of law, Mercer contends that because Donald was a full-time student in the OWE program, the policy exclusion of an "employee" is inapplicable to him and Nationwide had to indemnify the farm on this claim. The policy exclusion provides:

"This insurance does not apply to:

"(n) 'Bodily injury' sustained by:

"(1) Any employee (other than a 'residence employee') as a result of his or her employment by the 'insured;'

"(2) Any 'residence employee' * * *; or

"(3) The spouse, child, parent, brother or sister of any employee as a consequence of 'bodily injury' to that 'employee.'

The policy defines "residence employee,"[2] but does not define "employee." Because the insurance contract does not define "employee," this court must examine the plain and ordinary meaning of that term in conjunction with the facts to see if the exclusion encompasses Donald.

{¶ 10} Black's Law Dictionary (6 Ed. 1990) 525, defines "employee" as "[a] person in the service of another * * *, where the employer has the power or right to control and direct the employee in the material details of how the work is to be performed. * * * One who works for an employer; a person working for salary or wages."

{¶ 11} The record demonstrates that between the fall of 1988 and summer of 1989, Donald worked for the farm at the wage rate of three dollars an hour. Then, in the fall of 1989, Donald's work at the farm qualified for school credit as a part of the OWE program through his high school.  OWE is a program that allows students who will likely enter the job market, instead of college upon graduation, to gain work experience.  Donald's participation in the program required the approval and ongoing review of both the school coordinator, Robert Hitchcock, and the farm. The farm paid Donald the same three dollars per hour wage he had been earning prior to participation in the OWE program.  Hitchcock approved the plan of job duties as set by the farm. Donald generally went to work on school days after lunch

---

2. The policy defines "residence employee" as "[a]n insured's employee who performs duties in connection with the maintenance or use of the 'residence premises,' including household or domestic services, or who performs duties elsewhere of a similar nature not in connection with the 'business' of any 'insured.'"

and worked on weekends. The farm controlled the jobs Donald performed and directed his work, which remained essentially the same as it had prior to his participation in the OWE program. The farm could fire Donald at any time.

{¶ 12} Alternatively, the school's participation was minimal. Beyond a supervisory role that included filling out the initial paperwork, Hitchcock's role consisted of sporadic visits to the farm to evaluate the working relationship between Donald and the farm and ensure that Donald's attendance was satisfactory. The school's only controls consisted of determining whether to accept the farm as an appropriate employer or to dismiss Mercer from the program. Neither of these actions would change Donald's status at the farm.

{¶ 13} Mercer's reasoning that being a student in the OWE program is mutually exclusive of being an employee lacks merit. Donald's classification as an OWE student goes to "why" he was allowed to work on the farm for school credit, rather than "what" activities he did on the farm and who controlled those activities. These undisputed facts compel a conclusion that despite Donald's dual status as a student and an employee, his student status was incidental to his primary function as that of an employee at the farm. For these reasons, Donald meets the common understanding of the term "employee" as used in Nationwide's liability insurance contract, and Nationwide, therefore, is not obliged to indemnify or defend the action brought by Mercer.

{¶ 14} Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

―――――――――――