DECISION AND JUDGMENT ENTRY
Vickie Brown appeals the judgment of the Pickaway County Court of Common Pleas that affirmed the decision of the Unemployment Compensation Review Commission to deny her unemployment benefits. She raises two assignments of error:
ASSIGNMENT OF ERROR I
 "THE REVIEW COMMISSION'S FINDING THAT APPELLANT WAS DISCHARGED FOR JUST CAUSE IN CONNECTION WITH WORK WAS UNREASONABLE, AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BECAUSE THE EVIDENCE DOES NOT SUPPORT A FINDING THAT APPELLANT WAS AT FAULT."
 ASSIGNMENT OF ERROR II
 "THE REVIEW COMMISSION'S FINDING THAT APPELLANT WAS DISCHARGED FOR JUST CAUSE IN CONNECTION WITH WORK WAS UNLAWFUL BECAUSE THE EMPLOYER DID NOT FOLLOW ITS PROGRESSIVE DISCIPLINE POLICY AND DID NOT ADEQUATELY WARN APPELLANT THAT IF OTHER EMPLOYEES LET HER HUSBAND ENTER AND STAY IN THE OFFICE THAT SHE WOULD BE FIRED."
Since we agree with the trial court's well-reasoned opinion, we affirm its judgment.
Appellant was an office manager for the Parking Company of America ("PCA") from August 1997 through January 12, 2001. This job required her to handle large amounts of money on a daily basis. During the course of her employment, appellant's supervisor, Tim Chavez, became concerned about the presence of appellant's husband in the office during business hours. Since large amounts of money passed through the office, security was an important issue. In November, 1999, Tim Chavez discussed his concern with appellant and informed her that Mr. Brown was not authorized to be in the office and would have to wait outside until she finished work.
On December 19 and December 20, 2000, Tim Chavez was on vacation and left his nephew, David Chavez, in charge of the office. On both of these days, Mr. Brown entered the workplace despite the previous verbal warning to appellant about his unauthorized visits. David Chavez contacted Tim in order to seek clarification on whether Mr. Brown was allowed to be in the office. Tim Chavez informed David that Mr. Brown was not to be in the workplace. Thereafter, David Chavez discussed the problem with appellant, who acknowledged that she was aware of the office policy concerning security. After this discussion, Mr. Brown returned to the office on two more occasions.
On January 12, 2001, Tim Chavez returned from vacation and met with appellant to discuss the problem about her husband. He asked appellant if she could guarantee that she would not allow her husband back in the workplace, to which she replied, "No." She stated that she could not control her husband. Based on this conversation, Tim Chavez concluded that appellant could no longer keep the workplace secure. He then terminated her employment for disregard of security regulations.
Appellant filed an application for determination of benefit rights for the year beginning January 14, 2001. She then filed a first claim for benefits for the week ending January 20, 2001. In February, 2001, the director issued an initial determination of benefits that found appellant's discharge was for just cause. Consequently, the director denied her claim for benefits. Appellant timely appealed the initial determination, which the director reaffirmed. The appellant then filed an appeal from the redetermination to the director, who transferred the case to the Unemployment Compensation Review Commission ("Commission") according to statute.
At the hearing before the Commission, appellant testified that she never opened the door to let her husband into the office; it was always someone else who actually opened the door to allow Mr. Brown to enter. She also testified that Tim Chavez had spoken to her previously and specified that her husband was not permitted to be in the office. Appellant confirmed that she was aware of PCA's policy concerning non-employees and security. Following the hearing, the Commission affirmed the denial of benefits. Appellant filed an appeal with the Pickaway County Court of Common Pleas. In a detailed and analytical opinion, the common pleas court affirmed the judgment of the Commission, finding it to be lawful, reasonable, and supported by the evidence. This appeal followed.
In both assignments of error, appellant argues that there was no just cause for her discharge, and thus, she is entitled to unemployment compensation benefits. Unlike most administrative appeals where we use an abuse of discretion standard, see Lorain City School Dist. Bd. of Educ.v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 260-261533 N.E.2d 264, our review of an appeal from the decision of the Commission is identical to that of the common pleas court. We must affirm the Commission's decision unless we find the decision to be unlawful, unreasonable, or against the manifest weight of the evidence. See R.C.4141.28(N)(1); Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Serv.,73 Ohio St.3d 694, 696, 1995-Ohio-206, 653 N.E.2d 1207. In making this determination, we must give deference to the Commission in its role of fact finder. We may not reverse the Commission's decision simply because "reasonable minds might reach different conclusions." On close questions, where the board might reasonably decide either way, we have no authority to upset the agency's decision. Irvine v. Unemployment Comp.Bd. of Rev. (1985), 19 Ohio St.3d 15, 18, 482 N.E.2d 587. Instead, our review is limited to determining whether the Commission's decision is unlawful, unreasonable or totally lacking in competent, credible evidence to support it. Id.
R.C. 4141.29(D)(2)(a) provides that an individual may not obtain unemployment benefits if she "has been discharged for just cause in connection with [her] work." See, also, Ford Motor Co. v. Ohio Bur. OfEmp. Serv. (1991), 59 Ohio St.3d 188, 189, 571 N.E.2d 727. "Just cause" exists if a person of ordinary intelligence would conclude that the circumstances justify terminating the employment. Irvine, supra, at 17. An analysis of just cause must also consider the policy behind the Unemployment Compensation Act, which was intended to provide financial assistance to individuals who become unemployed through no fault of their own. Tzangas, supra, at 697. Accordingly, "fault" on an employee's part is an essential component of just cause termination. Id. at paragraph two of the syllabus. The determination of just cause depends on the "unique factual considerations" of a particular case and is therefore, primarily an issue for the trier of fact, i.e., the Commission. Irvine, supra, at 17.
Tim Chavez, appellant's supervisor at work, cited security reasons for his firing of appellant. He stated that management had lost confidence in appellant's ability to secure the workplace. The Commission found that appellant had been warned previously about the presence of her husband in the office, where large amounts of money were handled. The Commission also determined that appellant was unable to assure her supervisor that she would keep her husband out of the workplace. Based on this evidence, the Commission found that appellant was unable to abide by PCA's security policy and was, therefore, at fault in her termination. Our review of the record indicates that the Commission's finding is supported by the evidence.
Here, appellant's job required her to be in control of cash and checks in large denominations. The fact that appellant allowed her husband to enter the office where this money was handled regularly shows that appellant was unable to follow the security regulations of PCA. Appellant testified that she was aware of PCA's security policy concerning non-employees, like her husband. She also admitted that she had been warned previously about her husband's presence in the office. The final straw came when appellant failed to reassure her supervisor that her husband would no longer return to the office. Based on these facts, we find that there was competent, credible evidence to support the Commission's conclusion that the appellant was at fault for failing to secure the workplace.
Appellant's argument that she was not the one who actually opened the door to let her husband into the office is not persuasive. The fact that someone else physically opened the door for her husband may be grounds for disciplinary action against that employee. But, it does not relieve the appellant of her duty to comply with the security policy. Nor are we persuaded by appellant's argument that she is unable to control her husband's actions. As between the employee and the employer, the responsibility for a spouse's presence at the workplace falls squarely on the shoulders of the employee. We agree with the Commission and the trial court that "[t]he fact that [appellant] could not control her husband is not a burden that the employer should have to accept." The Commission's decision that the appellant was at fault is not against the manifest weight of the evidence. Nor is it contrary to law or unreasonable.
Appellant also contends that since Tim Chavez failed to follow the company's progressive discipline policy, she was prematurely discharged. PCA's "Termination and Dismissal" policy states:
"* * *
 "Termination of employment may occur as a result of the progressive disciplinary process. Other causes for dismissal of an employee may also include, but are not limited to, the following:
"Disregard of safety or security regulations.
"* * *."
The interpretation of an employment policy presents us with a question of law, which we review de novo. See, generally, Nationwide Mut. FireIns. Co. v. Guman Bros. Farm, 73 Ohio St.3d 107, 108, 1995-Ohio-214, 652 N.E.2d 684. We interpret this language to mean that there are certain incidents of behavior that may result in automatic discharge. Our conclusion lies in the "other causes for dismissal" language of the policy. We read this to mean that a disregard of safety or security regulations is a violation that can result in immediate discharge, with no need to follow the progressive disciplinary process. Because we have already determined that appellant violated PCA's security policy, we find that she was subject to immediate discharge. Moreover, she was not discharged for the first instance of a breach in security. Only after she received a warning, and then indicated that she couldn't guarantee that she could comply with the policy did the company terminate her. Thus, the Commission's decision is not contrary to law, unreasonable or against the weight of the evidence.
We agree with the Commission's determination that appellant was discharged for just cause. Accordingly, we overrule appellant's assignments of error.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Evans, J. Concur in Judgment and Opinion.