OPINION
{¶ 1} Plaintiff-appellant, Ronnie M. Marcum, appeals the decision of the Clermont County Court of Common Pleas, finding that defendant-appellee, State Auto Mutual Insurance Co. ("State Auto"), is not obligated to pay appellant's medical and nursing expenses. We affirm the trial court's decision in part and reverse in part.
 {¶ 2} On January 12, 2001, appellant was a passenger in a vehicle driven by Rachel Gabelman. Gabelman negligently drove the vehicle off the road and the vehicle collided with a telephone pole. Appellant sustained serious injuries in the accident, including multiple bone fractures in his right leg. Gabelman's vehicle was insured by a policy issued by State Auto, and appellant asserted claims against State Auto pursuant to the Liability and Economic Benefits Package sections of the insurance policy. State Auto paid appellant $100,000 to settle the claim under the Liability section, and appellant signed three general releases whereby he agreed to discharge Gabelman and State Auto from any and all liability resulting from the accident.
 {¶ 3} Appellant filed a motion for declaratory judgment with respect to his claim under the Economic Benefits Package, and State Auto filed a cross-motion for declaratory judgment. On October 27, 2004, the trial court granted State Auto's motion, finding that although appellant is an eligible insured person and an insured party under the Economic Benefits Package, appellant is not entitled to recover any additional compensation for medical or nursing expenses incurred as a result of the accident beyond what he received in the settlement of the liability claim. Appellant appeals the trial court's decision, raising three assignments of error. For the purpose of clarity, we will address some assignments of error together.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT MARCUM IN HOLDING THAT PLAINTIFF-APPELLANT MARCUM DID NOT INCUR MEDICAL EXPENSES IN THE AMOUNT OF $36,416.93."
 {¶ 6} Assignment of Error No. 3:
 {¶ 7} "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT MARCUM IN HOLDING THAT PLAINTIFF-APPELLANT MARCUM'S MEDICAL EXPENSES WERE COVERED BY THE SETTLEMENTS THAT HE RECEIVED FROM INSURANCE CARRIERS AND THAT SAID PLAINTIFF-APPELLANT MARCUM HAS BEEN FULLY COMPENSATED FOR ALL MEDICAL EXPENSES."
 {¶ 8} Appellant argues that as an eligible insured person and an insured party under the Economic Benefits Package, he is entitled to recover eligible medical expenses, regardless of whether he received benefits from his health insurance company. Appellant maintains that according to the collateral source rule, explained in Pryor v. Webber
(1970), 23 Ohio St.2d 104, he is entitled to recover from State Auto compensation for all eligible medical expenses.
 {¶ 9} We review the trial court's decision granting declaratory judgment in favor of State Auto under an abuse of discretion standard.Bilyeu v. Motorists Mutual Ins. Co. (1973), 36 Ohio St.2d 35, syllabus. To find abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 10} According to Pryor, 23 Ohio St.2d at 113, a tortfeasor is required to pay full compensatory damages to an injured party regardless of whether he received compensation from another source, such as insurance proceeds. In determining a tortfeasor's liability, "not only are the benefits not to be deducted * * *, the receipt of such benefits is not to be admitted into evidence, or otherwise disclosed to the jury." Id. at 109.
 {¶ 11} Although appellant correctly states that the collateral source rule is still good law in Ohio, appellant's reliance on Pryor is misplaced. The collateral source rule would be applicable to this case if the issues to be decided are Gabelman's tort liability and State Auto's related obligations. However, those issues were conclusively decided in the liability settlement agreement between the parties. The only matter to be decided in this case is State Auto's contractual obligation under the Economic Benefits Package. Accordingly, the collateral source rule, as a rule for determining a tortfeasor's liability, is inapplicable to this case.
 {¶ 12} According to Section I. of the Economic Benefits Package:
"A. [State Auto] will pay to or for each `eligible injured person:'
 {¶ 13} "1. `Medical expenses' because of `bodily injury' caused by an accident and incurred within three years of the accident. * * *
 {¶ 14} "2. `Work loss' benefit because of `bodily injury' sustained by an `eligible insured person' as a result of an accident."
 {¶ 15} Whether appellant is an eligible insured person under the Economic Benefits Package is not disputed. At issue in this case is the amount of appellant's "incurred" medical expenses. The trial court found that appellant did not incur medical expenses in the amount of $36,416.93, because appellant's health insurance company paid $8,867.93 toward that amount as payment in full of appellant's medical expenses. The trial court found that although appellant did pay $6,393.50 toward his medical expenses, he paid that amount out of the $100,000 he received pursuant to the liability settlement. The court concluded that because all of appellant's medical expenses have been paid by settlements and proceeds from other insurance carriers, he has been fully compensated for all expenses.
 {¶ 16} The term "incurred" is not defined in the State Auto insurance policy. When language used in an insurance contract is ambiguous, that language is to be construed strictly against the insurer. King v.Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, syllabus. However, "the mere failure to define a term in an insurance policy does not by itself make the term ambiguous." Nationwide Mut. Fire Ins. Co. v. Guman Bros.Farm, 73 Ohio St.3d 107, 108, 1995-Ohio-214. Undefined terms in an insurance contract are to be given their plain and ordinary meaning. Id.
 {¶ 17} The term "incur" means "to become liable or subject to." Merriam-Webster's Collegiate Dictionary (11th Ed. 2004) at 632. According to the record, appellant's medical bills totaled $36,316.93. However, appellant's health insurance company paid $8,862.93 on appellant's behalf in payment of his medical expenses. The record indicates that appellant paid $5,908.03 in settlement of a medical expense lien and $485.47 to medical services providers. Therefore, appellant was not "liable or subject to" the entire amount of his medical bills. Rather, appellant's total out-of-pocket expenses were $6,393.50. Accordingly, we find that appellant, as an "eligible injured person" under the Economic Benefits Package, incurred $6,393.50 in medical expenses.
 {¶ 18} The relevant language of the Economic Benefits Package provides, "[i]f [State Auto] makes payments under this policy and [appellant] has a right to recover from another source, we shall be subrogated to that right." (Emphasis added.) State Auto incorrectly argues that it is subrogated to appellant's right to collect against State Auto as "another source," because appellant has already been fully compensated appellant for his medical expenses. However, nothing in the General Release, which appellant signed pursuant to the liability settlement agreement, indicates that appellant accepted the payment from State Auto in satisfaction of his medical expenses claim. In fact, according to the General Release, appellant expressly reserved his right to continue his claim for medical expenses under the Economic Benefits Package.
 {¶ 19} Where an insured has not interfered with an insurer's subrogation rights, the insurer may neither be reimbursed for payments made to the insured, nor may it seek setoff from the limits of its coverage until the insured has been fully compensated for his injuries.Northern Buckeye Education Council Group Health Benefits Plan v. Lawson,103 Ohio St.3d 188, 194, 2004-Ohio-4886. This "make-whole" doctrine applies by default where a reimbursement or subrogation clause does not contain language indicating otherwise. Id. Here, State Auto cannot be subrogated to appellant's right to collect against another source, because it failed to preserve its subrogation rights by failing to compensate appellant for his out-of-pocket medical expenses.
 {¶ 20} We find that the trial court erred in holding that that appellant is not entitled to recover his out-of-pocket expenses from State Auto because he paid that amount out of the $100,000 he received for the liability settlement. According to the Economic Benefits Package, State Auto is obligated to reimburse appellant for these expenses, and to date, no other source, has done so. Because the liability settlement did not include compensation for appellant's medical expenses, it is immaterial whether appellant used the proceeds from that settlement to pay his medical expenses. Therefore, State Auto must reimburse appellant's out-of-pocket expenses of $6,393.50. Appellant's first assignment of error is sustained in part and overruled in part, and his third assignment of error is sustained.
 {¶ 21} Assignment of Error No. 2:
 {¶ 22} "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT MARCUM IN HOLDING THAT PLAINTIFF-APPELLANT MARCUM DID NOT INCUR EXPENSES FOR NURSING SERVICES IN THE AMOUNT OF $27,648.00.
 {¶ 23} Appellant argues that under the Economic Benefits Package, he is entitled to the reasonable value of nursing services his mother provided during his recovery and rehabilitation. Appellant maintains that, although he made no expenditures or payments toward these services, he is entitled to recover the reasonable value of the nursing services his mother provided. We disagree.
 {¶ 24} As discussed above, "incur" means "to become liable or subject to." Merriam-Webster's Collegiate Dictionary (11th Ed. 2004) at 632. According to the record, appellant did not submit a bill for nursing services to his health insurance company, nor did he make any out-of-pocket expenditure for such services. Because appellant has not become liable or subject to any cost associated with the nursing services, he is not entitled to recover the reasonable value of those services under the Economic Benefits Package. Appellant's second assignment of error is overruled.
 {¶ 25} Judgment affirmed in part and reversed in part.
Walsh, P.J., and Young, J., concur.