JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Defendants Lawn Village, Inc. ("Lawn Village"), Joseph Investments, Inc. and Lee Kasputis appeal from the order of the trial court which granted summary judgment in favor of plaintiff David Holian, on his claim for default upon a promissory note, and which rejected defendants' counterclaims for setoff. For the reasons set forth below, we affirm.
 {¶ 3} The record reflects that plaintiff was to receive a specific bequest of $25,000 pursuant to the last will and testament of Howard E. Ferguson who died in October 1989. Plaintiff was subsequently informed that the estate had as its sole asset, the corporation, Howard E. Ferguson, Inc. In 1996, plaintiff agreed to accept 1.362 shares of stock in the company and a promissory note for $25,000 plus interest in satisfaction of the bequest. Under the terms of the promissory note, plaintiff was to receive ten annual payments of $3,518.50. The parties also entered into a stock redemption agreement whereby plaintiff would transfer the shares back to the corporation at the cost of $18,354.86 per share as payments were made under the promissory note.[1]
 {¶ 4} The corporation later became known as Lawn Village Inc., ("Lawn Village") and by March 2001, its president, Lee Kasputis, assigned the promissory note to Joseph Investments, Inc. It is undisputed that plaintiff has been paid a total of $14,070, and that the note is therefore in default. In 2003, plaintiff filed suit against Lawn Village, Joseph Investments, Inc. and Kasputis. On January 21, 2004, defendants filed a joint answer denying liability and set forth various counterclaims seeking setoff.
 {¶ 5} In her first counterclaim for setoff, Kasputis claimed that plaintiff had received $21,826.46 in alleged overpayments in connection with the 1988 construction of her home located at 24545 Nobottom Road.
 {¶ 6} In her second counterclaim for setoff, Kasputis claimed that in June 1988, plaintiff executed a fraudulent mechanic's affidavit in which he falsely averred that he had fully paid all contractors, subcontractors and laborers and had fully paid for all materials and labor. Kasputis asserted that a mechanic's lien had been placed on the property as a result of this affidavit.
 {¶ 7} In the third and fourth counterclaims for setoff, Kasputis asserted that in 1989 and 1990, respectively, plaintiff performed work on her Hilliard Road home in a negligent and unworkmanlike manner.
 {¶ 8} In a fifth counterclaim for setoff, defendants asserted that plaintiff currently owns .9334% of the stock of Lawn Village and is therefore liable for "shareholder debt" in the amount of $17,489.
 {¶ 9} In the sixth counterclaim, defendants maintained that plaintiff was not entitled to any of the $14,070 paid to him on the promissory note, in light of all of the combined claims for setoff.
 {¶ 10} Plaintiff moved for summary judgment and asserted that the first four counterclaims, seeking setoff in connection with the construction agreements, did not arise out of the transaction involving the promissory note and were barred by the applicable statutes of limitations. He further argued that the remaining counterclaims, seeking setoff for alleged "shareholder liability," did not state a claim for relief.
 {¶ 11} In opposition, defendants insisted that the statutes of limitations could not deprive them of valid defenses. Defendants also maintained that the "cancellation of indebtedness of a shareholder by a corporation is treated as property from the corporation to the shareholder," and that plaintiff therefore received a "constructive dividend" which must be setoff from liability under the promissory note. The trial court granted plaintiff's motion for summary judgment and defendants now appeal, assigning a single error for our review.
 {¶ 12} Defendants' assignment of error states:
 {¶ 13} "The trial court erred in granting plaintiff's motion for summary judgment where the court failed to consider the evidence of offsetting debts owed by plaintiff to defendants."
 {¶ 14} We review the grant of summary judgment de novo using the same standards as the trial court. Nationwide Mut. Fire Ins.Co. v. Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108,652 N.E.2d 684.
 {¶ 15} A trial court may not grant a motion for summary judgment unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1997),77 Ohio St.3d 421, 429-30, 674 N.E.2d 1164, 1171.
 {¶ 16} The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment. Id., citing Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46, 47. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. Vahila v. Hall, supra.
 {¶ 17} In responding to a motion for summary judgment, the nonmoving party may not rest on "unsupported allegations in the pleadings." Civ.R. 56(E); Harless v. Willis Day WarehousingCo., supra. Rather, Civ.R. 56 requires the nonmoving party to respond with competent evidence that demonstrates the existence of a genuine issue of material fact for trial. Vahila v. Hall,
supra. Summary judgment, if appropriate, shall be entered against the non-moving party. Jackson v. Alert Fire Safety Equip.,Inc. (1991), 58 Ohio St.3d 48, 52, 567 N.E.2d 1027, 1031.
1. Plaintiff's Claim for Relief
 {¶ 18} Plaintiff averred that he had received only four payments of $3,518.50. This evidence established a default of payment, and met plaintiff's initial burden of showing that he was entitled to judgment as a matter of law. City Loan Fin.Servs. v. Koon (Sept. 3, 1996), Hocking App. No. 95CA8.
 {¶ 19} Defendants essentially conceded that they had defaulted on the promissory note and they do not contest that issue. Rather, they advanced a wide variety of counterclaims. Thus if the counterclaims are without merit, plaintiff is entitled to judgment as a matter of law. Civ.R. 56; Harrel v.Solt, Pickaway App. No. 00CA027, 2000-Ohio-1964.
2. Lawn Village's Counterclaims
 {¶ 20} Lawn Village raises numerous counterclaims as setoffs to the amounts due to plaintiff. In determining whether the trial court properly rejected these counterclaims we note that inSummers v. Connolly (1953), 159 Ohio St. 396; 112 N.E.2d 391, paragraphs one and two of the syllabus, the Supreme Court held as follows:
 {¶ 21} "The statute of limitations bars defenses which are not strict defenses, in the sense that they grow out of the transaction connected with plaintiff's claim, and which, therefore, require affirmative action.
 {¶ 22} "Setoffs and counterclaims are not regarded as strict defenses but are regarded as affirmative in character and as requiring affirmative action of the court."
 {¶ 23} The statute of limitations does not, however, operate to bar strict defenses, that is, defenses which grow out of the same transaction connected with plaintiff's claim. Riley v.Montgomery (1984), 11 Ohio St.3d 75, 463 N.E.2d 1246.
 {¶ 24} Thus, a claim which would be barred by the statute of limitations if brought in an action for affirmative relief is available as a defense or under the common-law theory of recoupment, when the claim of the defendant arises out of the same transaction as the plaintiff's claim for relief, and when it is offered to reduce the plaintiff's right to relief. Id.; Welshv. Estate of Cavin, Franklin App. No. 02AP-1328, 2004-Ohio-62.
 {¶ 25} Accordingly, in evaluating the claimed setoffs the court must determine whether they arise out of the same transaction as the plaintiff's claim for relief. If the setoff does not so arise, then the court can consider whether the claimed setoff is timely in light of the statute of limitations for such claim.
a. Overpayment for 1988 Construction — Nobottom Road
 {¶ 26} In the first counterclaim for setoff, defendants alleged that plaintiff received $21,826.46 in alleged overpayments in connection with the 1988 construction of her home located at 24545 Nobottom Road. Beginning our analysis, we note that the construction of the home involved Holian, Ed Kasputis and Lee Ferguson as individuals. This matter does not arise out of plaintiff's claim for relief on the promissory note from Howard Ferguson, Inc. or Lawn Village and does not involve the original bequest. Further, a cause of action for breach of contract must be brought within 15 years. R.C. 2305.06. Accordingly, the statute of limitations for this counterclaim expired in August 2003. Because the counterclaim was not filed until January 2004, it was untimely as a matter of law, and was properly rejected as a basis for setoff.
b. Fraudulent Affidavit in 1988 Construction
 {¶ 27} In the second counterclaim for setoff, Kasputis claimed that in June 1988, plaintiff executed a fraudulent mechanic's affidavit that resulted in the filing of a mechanic's lien on the property. We again note that this matter did not involve the promissory note, Howard E. Ferguson, Inc., Lawn Village, or the original bequest. Rather, it involved plaintiff, Ed Kasputis and Lee Ferguson as individuals. Accordingly, this counterclaim clearly does not arise from the same transaction as plaintiff's claim for relief.
 {¶ 28} Pursuant to R.C. 2305.09©, a cause of action in fraud is subject to a four-year statute of limitations. Accordingly, the statute of limitations on this counterclaim expired in 2002. Because it was not filed until January 2004, it was untimely as a matter of law, and was properly rejected as a basis for setoff.
c. 1989 Negligent Construction at Hilliard Property
 {¶ 29} In the third and fourth counterclaims, Kasputis asserted that in 1989 and 1990, plaintiff performed work on her Hilliard Road home in a negligent and unworkmanlike manner. Again, this matter did not involve the promissory note, Howard E. Ferguson, Inc. or Lawn Village, but rather, involved plaintiff, Ed Kasputis and Lee Ferguson as individuals. This counterclaim clearly does not arise from the same transaction as plaintiff's claim for relief.
 {¶ 30} Further, the limitations period for a claim for negligent construction is four years. See R.C. 2305.09.
 {¶ 31} Accordingly, because this matter was filed ten years after the expiration of the limitations period, it was untimely as a matter of law and was properly rejected as a basis for setoff.
d. Counterclaim for Corporate Debt
 {¶ 32} In the fifth counterclaim, defendants asserted that plaintiff was liable for "shareholder debt" in the amount of $17,489. In the sixth counterclaim, defendants maintained that plaintiff was not entitled to any of the $14,070 paid to him on the promissory note, in light of the combined claims for setoff.
 {¶ 33} A fundamental rule of corporate law is that, normally, shareholders, officers, and directors are not liable for the debts of the corporation. State ex rel. Petro v. Mercomp, Inc.,
Cuyahoga App. No. 86563, 2006-Ohio-2729, citing BelvedereCondominium Unit Owners' Assn. v. R.E. Roark Cos.,67 Ohio St.3d 274, 287, 1993-Ohio-119, 617 N.E.2d 1075. Accord Prymas v.Kassai, Cuyahoga App. Nos. 87114, 87122 87178, 2006-Ohio-3726. See, also, R.C. 1701.18(F).
 {¶ 34} An exception to this rule applies in cases when an individual shareholder possesses "(1) control over the corporation by those to be held liable was so complete that the corporation had no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong. Belvedere Condominium Unit Owners' Assn. v.R.E. Roark Cos., paragraph three of the syllabus.
 {¶ 35} Defendants insist that the "cancellation of indebtedness of a shareholder by a corporation is treated as property from the corporation to the shareholder," and that plaintiff therefore received a "constructive dividend" which must be setoff from liability under the promissory note. This matter, however, does not involve "indebtedness of a shareholder," as the record indicates that Howard E. Ferguson incurred corporate liability and there is no basis for charging any portion of this debt to plaintiff as a shareholder. Defendants have failed to create a genuine issue of material fact regarding the setoff of the amount owed to plaintiff through this claimed debt and have failed to refute that plaintiff is entitled to judgment as a matter of law.
 {¶ 36} In accordance with all of the foregoing, plaintiff established that he was entitled to judgment as a matter of law. In addition, defendants failed to create a genuine issue of material fact and failed to refute their liability as a matter of law through any of the counterclaims seeking setoff. The trial court therefore properly awarded plaintiff summary judgment.
 {¶ 37} The assignment of error is without merit.
Affirmed.
It is ordered that appellee recover from appellants his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., and Corrigan, J., concur.
[1] Because this portion of the proceedings is not in dispute, does not affect our analysis herein, and has been referred to only tangentially within our record, we make no comment as to this particular course of meeting the original bequest.