OPINION *Page 2 
{¶ 1} Plaintiff-appellant Cincinnati Insurance Company appeals a summary judgment of the Court of Common Pleas of Stark County, Ohio, in favor of defendants-appellees Grange Mutual Casualty Company and Selective Insurance Company in this declaratory judgment action. Cincinnati assigns a single error to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED IN ENTERING A DECLARATORY JUDGMENT IN FAVOR OF THE APPELLEES GRANGE AND SELECTIVE, PREMISED UPON AN ERRONEOUS CONSTRUCTION AND INTERPRETATION OF THE "ADDITIONAL INSURED" PROVISIONS OF THE APPELLEES' INSURANCE POLICIES, TO APPELLANT'S PREJUDICE."
 {¶ 3} Cincinnati's statement made pursuant to Loc. App. R. 9 alleges the summary judgment was incorrect as a matter of law based on undisputed facts.
 {¶ 4} The trial court's February 27, 2007 judgment entry set forth the undisputed facts. On July 22, 2002, Randy Carrico, decedent, an employee of Selective's insured, Frank Novak Sons Painting, died after being struck in the head by a piece of lumber thrown from an upper story window at a construction site. Alvin Newman, an employee of Grange's insured SJD Construction Company allegedly threw the lumber. Novak and SJD were subcontractors on a construction job run by Cincinnati's insured, Drake Construction, the general contractor on the project. Drake was an additional insured on both the Grange and Selective policies of insurance pursuant to Novak and SJD's subcontractor contracts with Drake.
 {¶ 5} Decedent's estate brought suit against Drake and SJD. Novak was never a named party in the wrongful death case. Cincinnati defended in the case but SJD and *Page 3 
Novak refused to join. Drake eventually settled with decedent's estate, and in the present action Cincinnati seeks contribution from Grange and Selective.
 {¶ 6} In the wrongful death case, the trial court determined Alvin Newman was a "borrowed servant" of Drake. Newman's employer SJD had completed its operations at the construction site prior to July 22, 2002. On July 22, 2002, Drake had insufficient manpower to clean up the construction site so Drake "borrowed" Newman from SJD for the cleanup. The trial court entered summary judgment in favor of SJD based on the "borrowed servant" doctrine, finding Newman was acting under the guidance and control of Drake, the general contractor, and this court affirmed, see Carrico v. Drake Construction, Stark App. No. 2005CA00201,2006-Ohio-3138.
 {¶ 7} As stated supra, Novak and SJD were required to include Drake as an "additional insured" in their insurance policies. SJD's policy issued by Grange stated in pertinent part: "Who is an Insured (Section II) is amended to include as an insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such a person or organization be added as additional insured on your policy. Such person or organization is an additional insured only with respect to liability arising out of your ongoing operations performed for that insured. A person's or organization's status as an insured under this endorsement ends when your operations for that insured are complete."
 {¶ 8} The policy Selective issued for Novak stated: "WHO IS AN INSURED is amended to include as an insured any persons or organization with whom you agreed, because of a written contract, agreement or permit, to provide insurance such as is *Page 4 
afforded under this coverage part, but only with respect to: (1) Your operation, "your work", "your product", or premises owned or used by you; * * *"
 {¶ 9} Interpretation of written contracts presents a question of law,Alexander v. Buckeye Pipeline Company (1978), 53 Ohio St. 2d 241,374 N.E. 2d 146. As such, we review insurance contracts de novo,Nationwide Mutual Fire Insurance Company v. Guman Brothers Farm,73 Ohio St. 3d 107, 1995-Ohio-214, 652 N.E. 2d 684. We must give common words their ordinary meaning unless this results in absurdity, or unless some other meaning is clearly evidenced from the face or overall context of the contract, Alexander, syllabus by the court, paragraph two. If the provisions of an insurance policy are clear and unambiguous a court may not enlarge the contract by implication in order to reach an objective different from that contemplated by the contracting parties, Stickel v.Excess Insurance Company (1939), 136 Ohio St. 49, 23 Ohio St. 2d 839.
 {¶ 10} In Mayhan Construction Company v. Mohawk Rebar Services,Inc., Stark App. No. 2004CA00387, 2005-Ohio-5427, this court reviewed a similar situation involving, coincidently, Cincinnati Insurance Company. In Mayhan, two employees of Mohawk were injured when Mayhan's employee negligently operated a crane at a construction site. The contract between the parties required Mohawk to name Mayhan as an additional insured under its insurance policy.
 {¶ 11} In the Mayhan case, we found an "additional insured" endorsement only covered Mayhan for liability arising out of Mohawk's work. Because it was Mayhan's employees who were negligent, Mohawk's insurance did not cover the accident. *Page 5 
 {¶ 12} In the case at bar, the trial court cited Mayhan and found the "additional insured" language in the SJD and Novak's insurance policies only covers the additional insured for negligence by the subcontractor or its employees when they are performing ongoing operations for the general contractor. The court found, and we agree, because Newman was on loan to Drake as a borrowed servant, he is considered an employee of Drake. Drake is liable for the negligent conduct of Newman, and SJD is not vicariously liable for Newman's negligence.
 {¶ 13} The trial court also correctly found Selective's insured, Novak, was not named as a defendant in the wrongful death case, and no negligence or contributory negligence was ever claimed against Novak, its employees, or the decedent. The trial court correctly found Novak is not vicariously liable for Drake's negligence, and Selective's coverage does not apply.
 {¶ 14} To read the contracts as Cincinnati suggests not only conflicts with the plain language of the contracts, but violates R.C. 2305.31. The statute provides in agreements relative to the design, planning, construction, alteration, repair or maintenance of building, structure, highway, road, appurtenance, and appliance, including moving, demolition, and excavating, a contract or agreement requiring one party to indemnify another from liability for its own negligence is against public policy and therefore void.
 {¶ 15} We find the trial court correctly applied the proper law in construing the contracts. The assignment of error is overruled. *Page 6 
 {¶ 16} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
 Gwin, P.J., Hoffman, J., and Edwards, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant. *Page 1