OPINION
{¶ 1} Millonzi International Products Group, Inc., and John O. Millonzi appeal from the judgment of the Lake County Court of Common Pleas, entered following bench trial in a breach of contract action, and awarding Deming IX, LLC $122,194.33 in damages, plus court costs. We affirm. *Page 2 
 {¶ 2} March 12, 2007, Deming IX filed its complaint, alleging that Millonzi International, as tenant, and its president, Mr. Millonzi, were in breach of a commercial lease agreement they had entered with Deming IX, as landlord, on or about October 20, 2004. The complaint alleged that the term of the lease was from November 1, 2004, through October 31, 2009, and that Millonzi International had breached the agreement by vacating the subject premises, located at 3767 Lane Road, Perry, Ohio. The complaint further alleged that Millonzi International had failed to make the annual rent payment that fell due March 1, 2007. The complaint prayed for a money judgment against Millonzi International and Mr. Millonzi, attorney fees, and court costs.
 {¶ 3} On or about April 16, 2007, Millonzi International and Mr. Millonzi answered the complaint, admitting to vacating the leased premises, but alleging they did so in accordance with the lease. They further counterclaimed against Deming IX, for trespass, breach of contract, libel and slander. Finally, joined by Mrs. Millonzi, Millonzi International and Mr. Millonzi brought a new party complaint against Barry T. Deming, and various John and/or Jane Does, individual and corporate, alleging trespass, conversion, libel and slander.
 {¶ 4} May 2, 2008, Deming IX replied to the counterclaim. That same day, Mr. Deming answered the third party complaint.
 {¶ 5} Pretrial conference was conducted August 15, 2008. Two days later, the matter was set for bench trial February 29, 2008.
 {¶ 6} Evidently, still in August 2007, Deming IX served discovery upon Millonzi
International and Mr. Millonzi, including requests for admission. Certain of the requests
seemingly related to whether Millonzi International and Mr. Millonzi actually had vacated *Page 3 
the leased premises, and whether they had paid anything under the lease since February 2007.
 {¶ 7} February 28, 2008, counsel for Millonzi International and Mr. Millonzi moved for a continuance of the trial scheduled for the next day, which was granted. Trial was reset for April 25, 2008.
 {¶ 8} On the afternoon of April 24, 2008, Millonzi International and Mr. Millonzi evidently served their answers to Deming IX's requests for admission upon Deming IX's counsel. The day of trial, Millonzi International, and Mr. and Mrs. Millonzi filed their witness and exhibit list. They further dismissed, voluntarily and without prejudice, the whole of their new party complaint, and all counts of their counterclaim, except that for breach of contract.
 {¶ 9} Trial ensued. Principally at issue was whether Deming IX's requests for admission should be deemed admitted. Counsel for Deming IX argued they should be so deemed, as Civ. R. 36(A)(1) requires such requests to be answered within twenty-eight days of service. Counsel for Millonzi International and Mr. Millonzi argued that it was within the discretion of the trial court to consider the answers to the requests made the prior day. He further argued that a particular provision of the subject lease, Article Thirty One (sic), "Future Construction," was ambiguous, thus entitling his clients to consider the lease void.
 {¶ 10} The learned trial court deemed the requests for admission admitted. May 8, 2008, the trial court filed its judgment entry, finding Millonzi International and Mr. Millonzi in default of their obligations under the lease, and awarding Deming IX *Page 4 
$75,572.14 for rent, late charges and expenses; $38,425.19 for the cost of re-leasing the property subject of the lease; and $8,197.00 in attorney fees.
 {¶ 11} Prior to the trial court's rendition of judgment, on May 2, 2008, Millonzi International and Mr. Millonzi moved the trial court to allow their responses to Deming IX's requests for admission be admitted, and for permission to introduce evidence regarding the meaning and intent of Article Thirty One of the subject lease. Deming IX responded to this motion May 19, 2008. June 3, 2008, the trial court denied the motion.
 {¶ 12} June 5, 2008, Millonzi International and Mr. Millonzi noticed this appeal. June 20, 2008, they moved this court to stay the judgment of the trial court during the pendency of this appeal, Deming IX having commenced foreclosure proceedings in certain real property owned by Mr. and Mrs. Millonzi. June 24, 2008, Deming IX opposed the motion for stay. July 7, 2008, this court ordered a temporary stay; and further ordered the parties to submit further arguments and evidence relating to the propriety of a stay during the pendency of this appeal. Both sides filed their submissions July 17, 2008; and, by a judgment entry filed August 5, 2008, this court granted the stay of the trial court's judgment during the pendency of this appeal, conditional upon the posting by Millonzi International and Mr. Millonzi of a supersedeas bond in the amount of $135,000 with the Lake County Clerk of Courts.
 {¶ 13} Millonzi International and Mr. Millonzi assign two errors on appeal:
 {¶ 14} "[1.] The trial court erred to the prejudice of appellant (sic) in ruling that appellee's requests for admissions be deemed admitted and allowed as fact. *Page 5 
 {¶ 15} "[2.] The trial court erred to the prejudice of appellants in failing to allow appellants to present evidence of the unclear and ambiguous provisions of the subject lease agreement."
 {¶ 16} We deal with the assignments of error in reverse order, deeming it dispositive of this appeal.
 {¶ 17} Under their second assignment of error, Millonzi International and Mr. Millonzi argue that Article Thirty One of the subject lease is ambiguous, and must be interpreted as allowing them to vacate the premises, and treat the lease as void. They do not deny vacating the premises: they admitted this in their answer to the complaint. Article Thirty One, entitled "Future Construction," provides as follows:
 {¶ 18} "Tenant and Landlord agree that if Tenant elects to construct a new facility on land it owns within Wind Point Reserve or any other location, and in the event that Tenant uses the construction services of Deming Enterprises, Inc., this lease can be altered, amended, or voided to accommodate the relocation of Millonzi International."
 {¶ 19} Millonzi International and Mr. Millonzi argue that the foregoing provision is ambiguous. In support, they contend Mr. Millonzi decided to construct a new facility, and attempted to procure the services of Deming Enterprises, Inc. to do so, but that the latter refused. They argue that the unilateral decision of Deming Enterpises, Inc., could not serve as a basis to subvert the intent of Article Thirty One. Evidently, without stating so directly, they contend the intent of Article Thirty One was that, if Millonzi International and Mr. Millonzi chose to construct a new facility away from the leased premises, they were required to make a first offer to Deming Enterprises, Inc., to construct that facility; and, if that offer was refused, they were entitled to void the lease with Deming IX. *Page 6 
 {¶ 20} "* * * [T]he interpretation of a contract is a question of law that we review de novo. Allstate Indemn. Co. v. Collister, 11th Dist. No. 2006-T-0112, 2007-Ohio-5201, at ¶ 15, citing Nationwide Mut. FireIns. Co. v. Guman Bros. Farm, 73 Ohio St.3d 107, 108, 1995-Ohio-214, * * *. Our primary goal is to ascertain and give effect to the intent of the parties. Hamilton Ins. Servs., Inc. v. Nationwide Ins. Cos.,86 Ohio St.3d 270, 273, 1999-Ohio-162, * * *. We presume the intent of the parties to a contract resides in the language used in the written instrument.Kelly v. Med. Life Ins. Co. (1987), 31 Ohio St.3d 130, * * *, paragraph one of the syllabus." Acuity, A Mut. Ins. Co. v. Interstate Constr,Inc., 11th Dist. No. 2007-P-0074, 2008-Ohio-1022, at ¶ 11. (Parallel citations omitted.)
 {¶ 21} Further, "[i]n construing a contract, we give its terms their plain and ordinary meaning. City of Sharonville v. Am. Employers Ins.Co., 109 Ohio St.3d 186, 187, 2006-Ohio-2180, * * *. When interpreting a contract, the court must first examine the plain language of the contract for evidence of the parties' intent. Gottlieb Sons, Inc. v.Hanover Ins. Co. (Apr. 21, 1994), 8th Dist. No. 64559, 1994 Ohio App. LEXIS 1682, *13." Acuity at ¶ 12. (Parallel citation omitted.)
 {¶ 22} We respectfully find no ambiguity in the lease subject of this appeal. Nothing in the language of Article Thirty One hints at the ambiguity, or intent, implied therein by appellants: i.e., that they could treat the lease with Deming IX as void, if they decided to relocate, upon an offer to Deming Enterprises, Inc., to construct a new facility. The language clearly provides that the lease could be treated as void if, and only if, the services of Deming Enterprises, Inc., were used. If the parties had intended that the lease would be void upon a first offer by Millonzi International and Mr. Millonzi *Page 7 
for construction of the new facility by Deming, that could have been written into Article Thirty One.
 {¶ 23} Consequently, having admitted in their answer to vacating the leased premises as alleged in the complaint, Millonzi International and Mr. Millonzi were clearly in breach of the lease terms. Damages were proven by various documents submitted to the trial court, to which no objection was made.
 {¶ 24} The second assignment of error is without merit.
 {¶ 25} Regarding the first assignment of error, we note with curiosity, that the requests for admission so hotly disputed between the parties are not part of the record. Counsel for Deming IX more or less moved, orally, for their admission at trial, and the trial court deemed them so admitted — but they are not in the files. The automatic admission of matters requested under Civ. R. 36 tends to operate as a sanction against the party failing to make an appropriate or timely response. We think it incumbent upon a party wishing to rely on these powerful instruments of discovery to put the requests into evidence, and the record, as by a motion to admit. We fail to see how a trial court can rely on evidence not made part of the record in its determination or admit something neither filed nor proffered. "When portions of the [record] necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 26} Consequently, the first assignment of error lacks merit.
 {¶ 27} The judgment of the Lake County Court of Common Pleas is affirmed. *Page 8 
 {¶ 28} It is the further order of this court that appellants are assessed costs herein taxed.
 {¶ 29} The court finds there were reasonable grounds for this appeal.
CYNTHIA WESTCOTT RICE, J., concurs,
 DIANE V. GRENDELL, P.J., concurs in judgment only. *Page 1