OPINION
{¶ 1} MILA Investments, Ltd. ("MILA") appeals from a judgment of the Montgomery County Common Pleas Court, granting summary judgment in favor of Family Dollar Stores of Ohio, Inc. ("Family Dollar"), dismissing MILA's complaint for eviction, termination of a commercial lease, and monetary damages. MILA claims that *Page 2 
the trial court erred in granting Family Dollar's motion for summary judgment because there were unresolved material issues of fact. Because we find that there are no material issues of fact and that the trial court properly applied the law to the uncontroverted facts, we affirm the judgment of the trial court.
 {¶ 2} In 1994, Family Dollar entered into a commercial lease agreement with The Breitenstrater Family Trust, for premises located at 1046 Patterson Road in Dayton, and they have occupied these premises since that time. Effective January 1, 2005, MILA became the property manager, and thereafter, the successor trustee of the Breitenstrater Trust. This lease agreement provided that Family Dollar was to pay an annual rent amounting to 2% of its gross sales.
 {¶ 3} During 2005, the fire sprinkler system in the premises was inspected, and as a result, the sprinkler system was cited by the City of Dayton Fire Department for multiple mechanical violations of the Dayton Fire Code. It was also noted that Family Dollar was storing merchandise too close to the sprinkler riser. Family Dollar requested MILA to correct the deficiencies in the sprinkler system. In September 2005, MILA gave Family Dollar a default notice for storing inventory too close to the sprinkler riser, informing them that failure to comply would result in termination of the lease. Subsequent to this notice, *Page 3 
the Dayton Fire Department again inspected the sprinkler system, on October 25, 2005, and again found numerous deficiencies including that inventory was stored too close to the sprinkler riser. Family Dollar claims that the inventory storage problem was rectified on October 26, 2005.
 {¶ 4} On November 28, 2005, MILA served written notice to vacate on Family Dollar, and thereafter filed the within forcible entry and detainer action against Family Dollar. Pursuant to its notice, the only basis cited for the eviction was Family Dollar's "failure to maintain the storeroom in a safe manner * * * in violation of City of Dayton fire code."
 {¶ 5} The trial court granted summary judgment to Family Dollar, finding that, as a matter of law, it was the duty of MILA to comply with the fire codes, and that there was no provision in the lease that permitted MILA to terminate the lease for this allegation.
 {¶ 6} It is from this decision that MILA takes the instant appeal setting forth a single assignment of error for our review.
ASSIGNMENT OF ERROR
 {¶ 7} "THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT."
 {¶ 8} When reviewing a trial court's grant of summary judgment, an appellate court conducts a de novo review. Grafton *Page 4 v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." Brewer v. Cleveland City SchoolsBd. Of Edn. (1997), 122 Ohio App.3d 378, 383, citing Dupler v. MansfieldJournal Co. (1980), 64 Ohio St.2d 116, 119-120. Therefore, the trial court's decision is not granted any deference by the reviewing appellate court. Brown v. Scioto Cty. Bd. Of Commrs. (1993), 87 Ohio App.3d 704,711.
 {¶ 9} In its assignment, MILA argues that there were genuine issues of material fact as to whether Family Dollar breached the lease. MILA contends that Family Dollar created a fire hazard by stacking boxes of inventory around the sprinkler riser, which ultimately resulted in a citation by the Fire Marshall. MILA also claims that it repeatedly gave Family Dollar notice of this problem prior to the citation. Based upon these facts, MILA invokes Paragraph 12 of the lease agreement as justification for its termination of the lease. The portion of Paragraph 12 that MILA relies upon states, inter alia,: "[t]enant shall maintain and repair all interior, non-structural portions of the building constituting a part of the demised premises, except for repairs Landlord is required to make, * * *." *Page 5 
 {¶ 10} The trial court, however, found no genuine issues as to any material facts, and for the purposes of summary judgment, that the facts were as alleged by MILA. The trial court then determined as a matter of law, that the failure of Family Dollar to abide by the Fire Code, with regards to the placement of inventory in the stockroom, did not violate any provision of the lease agreement between the parties. The trial court found that Paragraph 12 of the lease agreement required Family Dollar to "repair and maintain" the interior of the premises, which, absent other provisions, could be construed to require Family Dollar to "maintain" the interior of the premises such that it was not in violation of the Fire Code. However, the trial court went on to conclude that Paragraph 12 applied only as to duties that were not expressly given to the landlord. And, in considering the provisions of Paragraph 28, the trial court concluded that the obligation to comply with "all county, municipal, state and federal laws and regulations," including fire codes, was the sole obligation of the landlord. The court also found that the lease agreement contained no provisions for termination of the lease for any breach other than non-payment of rent. Therefore, the trial court granted the summary judgment on the basis that the facts alleged did not constitute a violation of the lease that would entitle MILA to terminate the lease, as a matter of law. *Page 6 
 {¶ 11} A lease is a contract. U.S. Corrections Corp. v. Ohio Dept. ofIndus. Relations, 73 Ohio St.3d 210, 216, 1995-Ohio-102. Consequently, the laws and remedies concerning breach of contract govern leases, regardless of the commercial or residential nature of the lease.Frenchtown Square Partnership v. Lemstone, Inc., Mahoning App. No. 99 CA 300, 2001-Ohio-3245, affirmed, 99 Ohio St.3d 254, 2003-Ohio-3648.
 {¶ 12} The construction of written contracts is a matter of law,Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241, paragraph one of the syllabus, and a trial court's construction of a contract is reviewed de novo. Nationwide Mut. Fire Ins. Co. v. Guman Bros.Farm, 73 Ohio St.3d 107, 108, 1995-Ohio-214. The purpose of contract construction is to discover and effectuate the intent of the parties, and the intent of the parties is presumed to reside in the language they chose to use in the agreement. Graham v. Drydock Coal Co.,76 Ohio St.3d 311, 313, 1996-Ohio-393. When terms of a contract are unambiguous, courts look to the plain language of the document. Latina v. WoodpathDev. Co. (1991), 57 Ohio St.3d 212, 214. The contract must also be interpreted as a whole, with the intent of each part gathered from a consideration of the whole. Saunders v. Mortensen, 101 Ohio St.3d 86,2004-Ohio-24, at ¶ 16.
 {¶ 13} The definition of the terms "repair" was construed by *Page 7 
the Sixth District Court of Appeals in Knickerbocker Bldg. Serv., Inc.v. Phillips (1984), 20 Ohio App.3d 158, where the court stated that "repair" "`naturally means a restoration approximately to the original condition, taking into consideration natural wear and tear and the ordinary action of the elements.' * * * Annotation, Extent of Lessee's Obligation under Express Covenant as to Repairs (1926), 45 A.L.R. 12, 42-43." (Footnote omitted.) Id. at 162. The term "maintain" is defined as "to keep in a state of repair." Webster's Third New International Dictionary (1986) 1362. Therefore, we conclude that neither the terms "repair" nor "maintain" as used in this lease agreement can include the keeping of boxes away from the sprinkler riser. Therefore, we determine that Paragraph 12 of the lease agreement will not define a breach under the facts herein.
 {¶ 14} Furthermore, we must consider the terms of Paragraph 28 of the lease agreement, which is the only other lease provision that may be implicated by the uncontroverted facts. In this paragraph, the lease provides "Landlord shall, at Landlord's sole cost and expense, comply with all requirements of all county, municipal, state and federal laws and regulations, now in force, or which may hereafter be in force, which pertain to the physical or environmental condition of the shopping center or the demised *Page 8 
premises, * * *." By executing this lease, the Landlord, and thus MILA has accepted the full obligation to comply with the applicable fire codes. While the compliance with regards to the physical placement of the inventory in Family Dollar's storeroom is solely within the purview of Family Dollar, such placement in violation of the fire code cannot serve as the basis for a forfeiture of the lease, and we express no opinion as to alternative remedies that MILA might have.
 {¶ 15} For the reasons set forth herein, Appellant's assignment of error is overruled.
 {¶ 16} The judgment of the Montgomery County Common Pleas Court is affirmed.
WOLFF, J. And FAIN, J., concur.
(Hon. Sumner E. Walters retired from the Third District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Richard Hempfling, Esq. Carolyn L. Mueller, Esq. Hon. Jeffrey E. Froelich *Page 1